IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HUBER ENGINEERED WOODS LLC,<br><br>Plaintiff,<br><br>v.<br><br>LOUISIANA-PACIFIC CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 19-342-LPS<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT LOUISIANA-PACIFIC CORPORATION'S**
**ANSWER AND COUNTERCLAIMS TO THE COMPLAINT**

Defendant Louisiana-Pacific Corporation ("LP"), through its undersigned attorneys, provides its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Huber Engineered Woods LLC ("HEW") on February 18, 2019, and provides the following responses to specific allegations of HEW's Complaint (D.I. 1):

**THE PARTIES**

1. LP lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1, and thus denies them.

2. LP admits the allegations of Paragraph 2.

**JURISDICTION**

3. LP admits that the action purports to arise under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*

4. LP admits that the Complaint contains allegations of LP's alleged infringement of the asserted patents, but denies all such accusations set forth in the Complaint. LP does not dispute that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) regarding the allegations of direct infringement, contributory infringement, and inducement of infringement. LP

also does not dispute that this Court has subject matter jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

5. LP does not admit that this Court has personal jurisdiction over LP. However, for the purposes of this action only, LP does not dispute that this Court has personal jurisdiction over LP.

6. LP admits, for this action only, that venue is proper in this District.

## BACKGROUND

### The Patents in Suit

7. LP admits that, on their faces, United States Patent Nos. 8,474,197; 9,010,044; 9,382,713; 9,546,479; 9,689,159; 9,695,588; 9,702,140, and 10,072,415 (collectively, "the Patents in Suit") purport to be assigned to HEW. LP lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 7, and thus denies them.

8. LP admits that, on its face, U.S. Patent No. 8,474,197 ("the '197 patent") recites an issue date of July 2, 2013, is entitled "Panel for Sheathing System and Method," and purports to be assigned to HEW. LP additionally admits that a document purporting to be a copy of the '197 patent was attached to the Complaint as Exhibit A. LP lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 8, and thus denies them.

9. LP admits that, on its face, U.S. Patent No. 9,010,044 ("the '044 patent") recites an issue date of April 21, 2015, is entitled "Panel for Sheathing System and Method," and purports to be assigned to HEW. LP additionally admits that a document purporting to be a copy of the '044 patent was attached to the Complaint as Exhibit B. LP lacks sufficient knowledge or information

to form a belief as to the truth of the remaining allegations set forth in Paragraph 9, and thus denies them.

10. LP admits that, on its face, U.S. Patent No. 9,382,713 ("the '713 patent") recites an issue date of July 5, 2016, is entitled "Panel for Sheathing System and Method," and purports to be assigned to HEW. LP additionally admits that a document purporting to be a copy of the '713 patent was attached to the Complaint as Exhibit C. LP lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 10, and thus denies them.

11. LP admits that, on its face, U.S. Patent No. 9,546,479 ("the '479 patent") recites an issue date of January 17, 2017, is entitled "Panel for Sheathing System and Method," and purports to be assigned to HEW. LP additionally admits that a document purporting to be a copy of the '479 patent was attached to the Complaint as Exhibit D. LP lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 11, and thus denies them.

12. LP admits that, on its face, U.S. Patent No. 9,689,159 ("the '159 patent") recites an issue date of June 27, 2017, is entitled "Panel for Sheathing System and Method," and purports to be assigned to HEW. LP additionally admits that a document purporting to be a copy of the '159 patent was attached to the Complaint as Exhibit E. LP lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 12, and thus denies them.

13. LP admits that, on its face, U.S. Patent No. 9,695,588 ("the '588 patent") recites an issue date of July 4, 2017, is entitled "Panel for Sheathing System and Method," and purports to be assigned to HEW. LP additionally admits that a document purporting to be a copy of the '588

patent was attached to the Complaint as Exhibit F. LP lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 13, and thus denies them.

14. LP admits that, on its face, U.S. Patent No. 9,702,140 ("the '140 patent") recites an issue date of July 11, 2017, is entitled "Panel for Sheathing System and Method," and purports to be assigned to HEW. LP additionally admits that a document purporting to be a copy of the '140 patent was attached to the Complaint as Exhibit G. LP lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 14, and thus denies them.

15. LP admits that, on its face, U.S. Patent No. 10,072,415 ("the '415 patent") recites an issue date of September 11, 2018, is entitled "Panel for Sheathing System and Method," and purports to be assigned to HEW. LP additionally admits that a document purporting to be a copy of the '415 patent was attached to the Complaint as Exhibit H. LP lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 15, and thus denies them.

16. LP admits that, on their faces, the Patents in Suit each claim priority to U.S. Patent No. 7,677,002 ("the '002 patent"). LP additionally admits that the face of the '002 patent recites a filing date of January 4, 2005, purports to be assigned to HEW, and alleges claims of priority to U.S. Provisional Patent Application Nos. 60/547,029 and 60/547,031—both allegedly filed on February 23, 2004. LP lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 16, and thus denies them.

17. LP denies that the inventions claimed in the Patents in Suit "represent a leap forward in roof and/or wall structural sheathing system technology solving several problems

exhibited by other sheathing systems that rely upon house wrap or felt paper that is used with structural wood panels as part of the weatherization of buildings." LP lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 17, and thus denies them.

**HEW's ZIP System® Panels and ZIP System™ Tape**

18. LP lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18, and thus denies them.

19. LP lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19, and thus denies them.

**The [Allegedly] Infringing LP WeatherLogic™ Air & Water Barrier Panels and LP WeatherLogic™ Seam and Flashing Tape**

20. LP denies the allegations of Paragraph 20.

21. The marketing materials referenced in Paragraph 21 speak for themselves. LP denies the remaining allegations of Paragraph 21.

22. LP admits that it markets WeatherLogic™ Air & Water Barrier panels ("WeatherLogic panels") and LP WeatherLogic™ Seam & Flashing Tape ("WeatherLogic tape") (collectively the "WeatherLogic System") together, and admits that, in some instances, WeatherLogic panels and tape are sold together. LP admits that the WeatherLogic panels and tape can be used together as a system, but both the panels and tape can be used independently. LP denies the remaining allegations of Paragraph 22.

23. LP admits that LP's marketing literature for the WeatherLogic System shows that the WeatherLogic panels and WeatherLogic tape can be used together in many contexts, including as external sheathing on a building's structure. LP denies all remaining allegations of Paragraph

23, and specifically denies that the WeatherLogic System meets the limitations of the claims of the Patents in Suit or that LP copied the ZIP System Sheathing.

24. LP admits that some of its marketing literature for the WeatherLogic System describes the system as providing air and water protection and that Weather Logic Panels include an integrated, bonded, weather-resistant overlay. LP additionally admits that additional literature produced by LP states that "by providing air/water resistance plus vapor permeability, a [Weather Resistant Barrier] WRB creates a tighter building envelope to ensure that the home is healthy, comfortable and energy-efficient." LP denies all remaining allegations of Paragraph 24.

25. LP admits that it has made, used, offered for sale, or sold the WeatherLogic System in the United States and displayed the WeatherLogic System at the 2019 International Builders' Show in Las Vegas, Nevada. LP further admits the picture included in Paragraph 25 depicts part of LP's display at the 2019 International Builders' Show.

**COUNT I – [ALLEGED] PATENT INFRINGEMENT OF THE '197 PATENT**

26. LP incorporates by reference each of its responses set forth above as if fully set forth herein.

27. LP denies the allegations of Paragraph 27.

28. LP admits that it makes, sells, offers for sale, or imports WeatherLogic panels and WeatherLogic tape. LP denies all remaining allegations of Paragraph 28.

29. The marketing materials referenced in Paragraph 29 speak for themselves. LP denies the remaining allegations of Paragraph 29.

30. The marketing materials referenced in Paragraph 30 speak for themselves. LP denies all remaining allegations of Paragraph 30.

31. LP lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 31, and thus denies them.

32. LP denies the allegations of Paragraph 32.

33. LP denies the allegations of Paragraph 33.

34. LP denies the allegations of Paragraph 34. As to the marketing materials referenced in Paragraph 34, the materials speak for themselves.

35. LP denies the allegations of Paragraph 35. As to the instruction and marketing materials referenced in Paragraph 35, the materials speak for themselves.

36. As to the instruction materials referenced in Paragraph 36, the materials speak for themselves. LP denies all remaining allegations of Paragraph 36.

37. As to the instruction materials referenced in Paragraph 37, the materials speak for themselves. LP denies all remaining allegations of Paragraph 37.

38. As to the instruction and marketing materials referenced in Paragraph 38, the materials speak for themselves. LP denies all remaining allegations of Paragraph 38.

39. As to the instruction and marketing materials referenced in Paragraph 39, the materials speak for themselves. LP denies all remaining allegations of Paragraph 39.

40. As to the marketing materials referenced in Paragraph 40, the materials speak for themselves. LP denies all remaining allegations of Paragraph 40.

41. LP denies the allegations of Paragraph 41.

42. As to the instruction and marketing materials referenced in Paragraph 42, the materials speak for themselves. LP denies all remaining allegations of Paragraph 42.

43. LP denies the allegations of Paragraph 43.

**COUNT II – [ALLEGED] PATENT INFRINGEMENT OF THE '044 PATENT**

44. LP incorporates by reference each of its responses set forth above as if fully set forth herein.

45. LP denies the allegations of Paragraph 45.

46. LP admits that it makes, sells, offers for sale, or imports WeatherLogic panels and WeatherLogic tape. LP denies all remaining allegations of Paragraph 46.

47. As to the marketing materials referenced in Paragraph 47, the materials speak for themselves. LP denies all remaining allegations of Paragraph 47.

48. As to the marketing materials referenced in Paragraph 48, the materials speak for themselves. LP denies all remaining allegations of Paragraph 48.

49. The marketing materials referenced in Paragraph 49 speak for themselves. LP denies all remaining allegations of Paragraph 49, and specifically denies that the WeatherLogic System is used to create a sealed wall of a structure without the use of house wrap or felt paper.

50. LP lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 50, and thus denies them.

51. LP denies the allegations of Paragraph 51.

52. LP denies the allegations of Paragraph 52.

53. LP denies the allegations of Paragraph 53. As to the marketing materials referenced in Paragraph 53, the materials speak for themselves.

54. LP denies the allegations of Paragraph 54. As to the instructions and marketing materials referenced in Paragraph 54, the materials speak for themselves.

55. As to the instruction and marketing materials referenced in Paragraph 55, the materials speak for themselves. LP denies all remaining allegations of Paragraph 55.

56. LP denies the allegations of Paragraph 56. As to the instruction and marketing materials referenced in Paragraph 56, the materials speak for themselves.

57. LP denies the allegations of Paragraph 57.

58. LP denies the allegations of Paragraph 58. As to the instruction and marketing materials referenced in Paragraph 58, the materials speak for themselves.

59. LP denies the allegations of Paragraph 59. As to the marketing materials referenced in Paragraph 59, the materials speak for themselves.

60. LP denies the allegations of Paragraph 60.

61. LP denies the allegations of Paragraph 61. As to the instruction and marketing materials referenced in Paragraph 61, the materials speak for themselves.

62. LP denies the allegations of Paragraph 62.

## COUNT III – [ALLEGED] PATENT INFRINGEMENT OF THE ’713 PATENT

63. LP incorporates by reference each of its responses set forth above as if fully set forth herein.

64. LP denies the allegations of Paragraph 64.

65. LP admits that it makes, sells, offers for sale, or imports WeatherLogic panels and WeatherLogic tape. LP denies all remaining allegations of Paragraph 65.

66. LP denies the allegations of Paragraph 66.

67. As to the marketing materials referenced in Paragraph 67, the materials speak for themselves. LP denies all remaining allegations of Paragraph 67.

68. LP denies the allegations of Paragraph 68.

69. LP denies the allegations of Paragraph 69.

70. LP lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 70, and thus denies them.

71. LP denies the allegations of Paragraph 71.

72. LP denies the allegations of Paragraph 72.

73. LP denies the allegations of Paragraph 73. As to the marketing materials referenced in Paragraph 73, the materials speak for themselves.

74. LP denies the allegations of Paragraph 74. As to the instruction and marketing materials referenced in Paragraph 74, the materials speak for themselves.

75. LP denies the allegations of Paragraph 75.

76. LP denies the allegations of Paragraph 76.

77. LP denies the allegations of Paragraph 77.

78. LP denies the allegations of Paragraph 78. As to the instruction and marketing materials referenced in Paragraph 78, the materials speak for themselves.

79. LP denies the allegations of Paragraph 79. As to the marketing materials referenced in Paragraph 79, the materials speak for themselves.

80. LP denies the allegations of Paragraph 80.

81. LP denies the allegations of Paragraph 81. As to the instruction and marketing materials referenced in Paragraph 81, the materials speak for themselves.

82. LP denies the allegations of Paragraph 82.

**COUNT IV – [ALLEGED] PATENT INFRINGEMENT OF THE '479 PATENT**

83. LP incorporates by reference each of its responses set forth above as if fully set forth herein.

84. LP denies the allegations of Paragraph 84.

85. LP admits that it makes, sells, offers for sale, or imports WeatherLogic panels and WeatherLogic tape. LP denies all remaining allegations of Paragraph 85.

86. LP denies the allegations of Paragraph 86.

87. LP denies the allegations of Paragraph 87.

88. As to the marketing materials referenced in Paragraph 88, the materials speak for themselves. LP denies all remaining allegations of Paragraph 88.

89. LP lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 89, and thus denies them.

90. LP denies the allegations of Paragraph 90.

91. LP denies the allegations of Paragraph 91.

92. LP denies the allegations of Paragraph 92. As to the marketing materials referenced in Paragraph 92, the materials speak for themselves.

93. LP denies the allegations of Paragraph 93. As to the instruction and marketing materials referenced in Paragraph 93, the materials speak for themselves.

94. LP denies the allegations of Paragraph 94.

95. LP denies the allegations of Paragraph 95. As to the instruction and marketing materials referenced in Paragraph 95, the materials speak for themselves.

96. LP denies the allegations of Paragraph 96. As to the instruction and marketing materials referenced in Paragraph 96, the materials speak for themselves.

97. LP denies the allegations of Paragraph 97. As to the marketing materials referenced in Paragraph 97, the materials speak for themselves.

98. LP denies the allegations of Paragraph 98.

99. LP denies the allegations of Paragraph 99. As to the instruction and marketing materials referenced in Paragraph 99, the materials speak for themselves.

100. LP denies the allegations of Paragraph 100.

**COUNT V – [ALLEGED] PATENT INFRINGEMENT OF THE ’159 PATENT**

101. LP incorporates by reference each of its responses set forth above as if fully set forth herein.

102. LP denies the allegations of Paragraph 102.

103. LP admits that it makes, sells, offers for sale, or imports WeatherLogic panels and WeatherLogic tape. LP denies all remaining allegations of Paragraph 103.

104. LP denies the allegations of Paragraph 104.

105. As to the marketing materials referenced in Paragraph 105, the materials speak for themselves. LP denies all remaining allegations of Paragraph 105.

106. LP lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 106, and thus denies them.

107. LP denies the allegations of Paragraph 107.

108. LP denies the allegations of Paragraph 108.

109. LP denies the allegations of Paragraph 109. As to the marketing materials referenced in Paragraph 109, the materials speak for themselves.

110. LP denies the allegations of Paragraph 110. As to the instruction and marketing materials referenced in Paragraph 110, the materials speak for themselves.

111. LP denies the allegations of Paragraph 111.

112. LP denies the allegations of Paragraph 112. As to the instruction and marketing materials referenced in Paragraph 112, the materials speak for themselves.

113. LP denies the allegations of Paragraph 113. As to the instruction and marketing materials referenced in Paragraph 113, the materials speak for themselves.

114. LP denies the allegations of Paragraph 114.

115. LP denies the allegations of Paragraph 115.

116. LP denies the allegations of Paragraph 116. As to the instruction and marketing materials referenced in Paragraph 116, the materials speak for themselves.

117. LP denies the allegations of Paragraph 117.

**COUNT VI – [ALLEGED] PATENT INFRINGEMENT OF THE '588 PATENT**

118. LP incorporates by reference each of its responses set forth above as if fully set forth herein.

119. LP denies the allegations of Paragraph 119.

120. LP admits that it makes, sells, offers for sale, or imports WeatherLogic panels and WeatherLogic tape. LP denies all remaining allegations of Paragraph 120.

121. As to the marketing materials referenced in Paragraph 121, the materials speak for themselves. LP denies all remaining allegations of Paragraph 121.

122. As to the marketing materials referenced in Paragraph 122, the materials speak for themselves. LP denies all remaining allegations of Paragraph 122.

123. LP lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 123, and thus denies them.

124. LP denies the allegations of Paragraph 124.

125. LP denies the allegations of Paragraph 125.

126. LP denies the allegations of Paragraph 126. As to the marketing materials referenced in Paragraph 126, the materials speak for themselves.

127. LP denies the allegations of Paragraph 127.

128. LP denies the allegations of Paragraph 128.

129. LP denies the allegations of Paragraph 129. As to the instruction and marketing materials referenced in Paragraph 129, the materials speak for themselves.

130. LP denies the allegations of Paragraph 130. LP specifically denies any allegation or inference that it encourages and instructs its customers or customers of distributors to infringe on the '588 patent.

131. LP denies the allegations of Paragraph 131. As to the marketing materials referenced in Paragraph 131, the materials speak for themselves.

132. LP denies the allegations of Paragraph 132. As to the marketing materials referenced in Paragraph 132, the materials speak for themselves.

133. LP denies the allegations of Paragraph 133. As to the instruction and marketing materials referenced in Paragraph 133, the materials speak for themselves.

134. LP denies the allegations of Paragraph 134.

135. LP denies the allegations of Paragraph 135.

136. LP denies the allegations of Paragraph 136. As to the instruction and marketing materials referenced in Paragraph 136, the materials speak for themselves.

137. LP denies the allegations of Paragraph 137.

**COUNT VII – [ALLEGED] PATENT INFRINGEMENT OF THE ’140 PATENT**

138. LP incorporates by reference each of its responses set forth above as if fully set forth herein.

139. LP denies the allegations of Paragraph 139.

140. LP admits that it makes, sells, offers for sale, or imports WeatherLogic panels and WeatherLogic tape. LP denies all remaining allegations of Paragraph 140.

141. LP denies the allegations of Paragraph 141.

142. As to the marketing materials referenced in Paragraph 142, the materials speak for themselves. LP denies all remaining allegations of Paragraph 142.

143. LP denies the allegations of Paragraph 143.

144. LP denies the allegations of Paragraph 144. As to the marketing materials referenced in Paragraph 144, the materials speak for themselves.

145. LP denies the allegations of Paragraph 145. As to the marketing materials referenced in Paragraph 145, the materials speak for themselves.

146. LP denies the allegations of Paragraph 146.

147. LP denies the allegations of Paragraph 147.

148. LP denies the allegations of Paragraph 148.

149. LP denies the allegations of Paragraph 149. As to the marketing materials referenced in Paragraph 149, the materials speak for themselves.

150. LP denies the allegations of Paragraph 150. As to the instruction and marketing materials referenced in Paragraph 150, the materials speak for themselves.

151. LP denies the allegations of Paragraph 151.

152. LP denies the allegations of Paragraph 152.

153. LP denies the allegations of Paragraph 153. As to the instruction and marketing materials referenced in Paragraph 153, the materials speak for themselves.

154. LP denies the allegations of Paragraph 154.

**COUNT VIII – [ALLEGED] PATENT INFRINGEMENT OF THE ’415 PATENT**

155. LP incorporates by reference each of its responses set forth above as if fully set forth herein.

156. LP denies the allegations of Paragraph 156.

157. LP admits that it makes, sells, offers for sale, or imports WeatherLogic panels and WeatherLogic tape. LP denies the remaining allegations of Paragraph 157.

158. LP denies the allegations of Paragraph 158.

159. LP denies the allegations of Paragraph 159.

160. LP admits that WeatherLogic panels can be rectangular in shape. As to the marketing materials referenced in Paragraph 102, the materials speak for themselves. LP denies all remaining allegations of Paragraph 160.

161. LP denies the allegations of Paragraph 161.

162. As to the marketing materials referenced in Paragraph 162, the materials speak for themselves. LP denies all remaining allegations of Paragraph 162.

163. LP lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 163, and thus denies them.

164. LP denies the allegations of Paragraph 164.

165. LP denies the allegations of Paragraph 165.

166. LP denies the allegations of Paragraph 166.

167. LP denies the allegations of Paragraph 167. As to the marketing materials referenced in Paragraph 167, the materials speak for themselves.

168. LP denies the allegations of Paragraph 168.

169. LP denies the allegations of Paragraph 169.

170. LP denies the allegations of Paragraph 170. As to the instruction and marketing materials referenced in Paragraph 170, the materials speak for themselves.

171. LP denies the allegations of Paragraph 171.

172. LP denies the allegations of Paragraph 172.

173. LP denies the allegations of Paragraph 173. As to the instruction and marketing materials referenced in Paragraph 173, the materials speak for themselves.

174. LP denies the allegations of Paragraph 174.

## REQUEST FOR RELIEF

LP denies that HEW is entitled to any of the claims for relief requested in HEW's Complaint.

## DEMAND FOR JURY TRIAL

LP demands a trial by jury of all issues so triable.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), LP, without waiver, limitation, or prejudice, reserving its right to assert additional defenses, hereby asserts the following defenses:

### First Affirmative Defense
### (Failure to State a Claim)

HEW is not entitled to relief against LP because HEW's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Non-Infringement)

HEW is not entitled to relief against LP because LP has not infringed, and does not now infringe, directly or indirectly, by inducement or contribution, any valid and enforceable claim of the Patents in Suit (when properly construed). Nor do LP's customers, or customers of LP's

distributors, directly or indirectly infringe any valid and enforceable claim of the Patents in Suit. HEW has failed to show that the products accused of infringement practice each limitation of any claim of the Patents in Suit.

**Third Affirmative Defense**
**(Invalidity)**

HEW is not entitled to relief against LP because each claim of the Patents in Suit is invalid for failure to comply with one or more of the requisite statutory and decisional requirements and/or conditions for patentability under the Federal Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103, and 112. Upon information and belief, and subject to further discovery, one or more of the claims of the Patents in Suit are invalid under 35. U.S.C. §§ 102 and/or 103 in view of one or more prior art references, based on at least the prior art references identified by the examiner during prosecution of the Patents in Suit and related applications; prior art references disclosed during prosecution of those and related applications; and document instances or prior use. Upon information and belief, and subject to further discovery, one or more of the claims of the Patents in Suit are invalid for failure to comply with the requirements of 35 U.S.C. § 112 due to lack of written description, failure to particularly point out and distinctly claim the subject matter regarded as the alleged invention, and/or failure to set forth a written description sufficient to enable any person skilled in the art to make and use the alleged invention.

**Fourth Affirmative Defense**
**(Prosecution History Estoppel)**

HEW is not entitled to relief against LP because HEW's claims of infringement against LP are barred, in whole or in part, by prosecution history estoppel based on the proceedings and statements, representations, and admissions made during the prosecution of the patent applications that matured into Patents in Suit (including all parent applications and related application thereto).

**Fifth Affirmative Defense**
**(Equitable Defenses)**

HEW is barred or limited from recovery, in whole or in part, by an express or implied license, and/or by the equitable doctrines of waiver, acquiescence, patent misuse, estoppel and/or the doctrine of patent exhaustion.

**Sixth Affirmative Defense**
**(Failure to Mark)**

HEW is barred or limited from recovery, in whole or in part, under 35 U.S.C. § 287.

**Seventh Affirmative Defense**
**(Limitation on Damages)**

HEW's recovery for alleged infringement of the Patents in Suit, if any, is limited to any pursuant to 35 U.S.C. § 286 and/or § 287.

**Eighth Affirmative Defense**
**(No Costs)**

35 U.S.C. § 288 bars HEW from recovering costs associated with this action.

**Ninth Affirmative Defense**
**(No Entitlement to Injunctive Relief)**

HEW is not entitled to injunctive relief because it has failed to allege any injury that is immediate or irreparable, HEW has an adequate remedy at law, and public policy concerns weigh against injunctive relief in this matter.

**Tenth Affirmative Defense**
**(Prior Commercial Use)**

HEW is not entitled to relief against LP, in whole or in part, under 35 U.S.C. § 273 with respect to subject matter comprising commercial use in the United States by LP.

## LOUISIANA-PACIFIC CORPORATION'S COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Defendant and Counterclaim Plaintiff Louisiana-Pacific Corporation ("LP"), for its counterclaims against HEW, states and alleges as follows:

## NATURE OF THE ACTION

1. These counterclaims seek declaratory judgment respecting the patents asserted by Huber Engineered Woods LLC ("HEW") in this action. LP seeks judgment under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

## PARTIES

2. LP is a Delaware corporation with its principal place of business at 414 Union Street, Suite 2000, Nashville, Tennessee 37219.

3. On information and belief based on Paragraph 2 of its Complaint, HEW is a Delaware limited liability company with its principal place of business at Suite 300, One Resource Square, 10925 David Taylor Drive, Charlotte, North Carolina 28262.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. On information and belief, based on HEW's Complaint, HEW is a Delaware limited liability company, and, by filing this action, has submitted to this Court's exercise of personal jurisdiction.

6. LP does not contest that venue is proper in this District under 28 U.S.C. § 1391 and 1400.

**FACTS**

7. A well-known issue during the construction of any building, especially when the building is made primarily from wood, is the danger of sealing moisture inside a building when the walls are constructed. Many techniques have been developed to address this concern.

8. More specifically, during construction a process commonly referred to as "weatherization" is carried out as the framing of a building is enclosed from the elements. This prevents the elements, such as rain (also called "bulk water" in the industry) from entering the structure as interior construction is completed, as well as after completion. However, because the interior of the structure was open to nature prior to weatherization, moisture from ambient humidity and/or prior weather events remains inside what is now the wall of the structure. This moisture will naturally become a vapor over time. Unless addressed, this water vapor can cause rot and mold.

9. Thus, in addition to being resistant to bulk water, any technique used in the weatherization process must be capable of permitting the water vapor to escape from inside the now enclosed wall of the structure. The ability of a material to permit vapor to pass through it is called its "permeability." The permeability of any material used in weatherization is an important metric, and a number of organizations have developed standardized testing and certification procedures. One such organization is ASTM International ("ASTM"), which has promulgated a number of certification tests for various parts of the construction industry. The specifications of ATSM's tests are publicly accessible and developed by ATSM based on well-understood industry requirements.

10. Prior to February 2004, the industry has developed a number of techniques and products for weatherization, including, but not limited to, the use of felt wrap, asphalt-impregnated

paper, resin-impregnated paper, a plastic or polymer-based film (e.g., housewrap), tape, and/or liquid applied (including, but not limited to, paints, primers, and other sealants) weather resistant layers or barriers ("WRBs"). Some of these techniques and products were applied at the factory, and some were applied in the field at the construction site, prior to or during the construction process.

11. Prior to February 2004, LP was researching, developing, and marketing one or more products and/or techniques related to the weatherization process described above. These products and/or techniques included wood or engineered-wood based products with integrated or factory-applied WRBs.

12. The Patents in Suit do not disclose any new developments or innovations for products and/or techniques related to the weatherization process described above, and merely describe products and/or techniques known or practiced in the industry prior to February 2004.

**FIRST COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT**

13. LP incorporates by reference the allegations of Paragraphs 1-12 of its Counterclaims as if set forth herein.

14. Based on HEW's filing of this action and at least LP's affirmative defenses of non-infringement and invalidity, an actual controversy has arisen and now exists between the parties as to whether or not LP has infringed the Patents in Suit.

15. LP has not and is not now infringing any valid claim of the Patents in Suit under any theory, including directly or indirectly (whether contributorily or by inducement).

16. Pursuant to Federal Declaratory Judgment Act 28 U.S.C. § 2201, *et seq.*, LP requests a declaration by the Court that LP has not infringed, and does not infringe, any valid and

enforceable claim of the Patents in Suit, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement. LP does not have an adequate remedy at law.

**SECOND COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY**

17. LP incorporates by reference the allegations of Paragraphs 1-16 of its Counterclaims as if set forth herein.

18. Based on HEW's filing of this action and at least LP's affirmative defenses of non-infringement and invalidity, an actual controversy has arisen and now exists between the parties as to whether or not LP has infringed the Patents in Suit.

19. The asserted claims of the Patents in Suit are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in the Federal Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103, and 112.

20. Upon information and belief, and subject to further discovery, one or more of the claims of the Patents in Suit are invalid under 35. U.S.C. §§ 102 and/or 103 in view of one or more prior art references, based on at least the prior art references identified by the examiner during prosecution of the Patents in Suit and related applications; prior art references disclosed during prosecution of those and related applications; and document instances or prior use.

21. Upon information and belief, and subject to further discovery, one or more of the claims of the Patents in Suit are invalid for failure to comply with the requirements of 35 U.S.C. § 112 due to lack of written description, failure to particularly point out and distinctly claim the subject matter regarded as the alleged invention, and/or failure to set forth a written description sufficient to enable any person skilled in the art to make and use the alleged invention.

22. LP does not have an adequate remedy at law.

## RESERVATION OF RIGHTS

LP reserves the right to add any additional defenses or counterclaims that discovery may reveal.

## DEMAND FOR JURY TRIAL

LP demands that all issues be determined by jury.

## PRAYER FOR RELIEF

WHEREFORE, LP prays for relief as follows:

a) That the Court dismiss HEW's Complaint in its entirety and with prejudice;

b) That the Court enter judgment in favor of LP against HEW;

c) That the Court declare that LP has not infringed, and is not infringing, each of the Patents in Suit;

d) That the Court declare and order that one or more claims of each of the Patents in Suit are invalid, void and/or unenforceable against LP;

e) That the Court find this case to be an exceptional case pursuant to Section 285 of the Patent Act, and award and grant LP all reasonable attorneys' fees, experts' fees, and costs in this action;

f) That all costs be taxed against HEW; and

g) That LP be granted such further relief as the Court deems proper and just.

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
*Attorneys for Defendant Louisiana-Pacific Corporation*

OF COUNSEL:
W. Edward Ramage
Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC
Baker Donelson Center - Suite 800
211 Commerce Street
Nashville, TN 37201

Dated: April 11, 2019