IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HUBER ENGINEERED WOODS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-342 (LPS) |
| | ) | |
| LOUISIANA-PACIFIC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF HUBER ENGINEERED WOODS'S ANSWER TO**
**DEFENDANT LOUISIANA-PACIFIC CORPORATION'S COUNTERCLAIMS**

Plaintiff Huber Engineered Woods LLC ("HEW") by and through its undersigned counsel submits this Answer to Defendant Louisiana-Pacific Corporation's ("LP") Counterclaims. Except as expressly admitted herein, Plaintiff denies each and every allegation of LP's Counterclaims.

## NATURE OF THE ACTION

1. These counterclaims seek declaratory judgment respecting the patents asserted by HEW in this action. LP seeks judgment under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

**Response**: HEW admits the allegations in paragraph 1 but denies that judgment in LP's favor on its counterclaims is proper.

## PARTIES

2. LP is a Delaware corporation with its principal place of business at 414 Union Street, Suite 2000, Nashville, Tennessee 37219.

**Response:** HEW admits the allegations in paragraph 2.

3. On information and belief based on Paragraph 2 of its Complaint, HEW is a Delaware limited liability company with its principal place of business at Suite 300, One Resource Square, 10925 David Taylor Drive, Charlotte, North Carolina 28262.

**Response:** HEW admits the allegations in paragraph 3.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**Response:** HEW admits the allegations in paragraph 4.

5. On information and belief, based on HEW's Complaint, HEW is a Delaware limited liability company, and, by filing this action, has submitted to this Court's exercise of personal jurisdiction.

**Response:** HEW admits it is a Delaware limited liability company, and, for the purposes of this action, HEW admits it has submitted to this Court's exercise of personal jurisdiction.

6. LP does not contest that venue is proper in this District under 28 U.S.C. § 1391 and 1400.

**Response:** Based on LP's Answer, HEW admits that LP is not contesting that venue is proper in this District under 28 U.S.C. § 1391 and 1400.

## FACTS

7. A well-known issue during the construction of any building, especially when the building is made primarily from wood, is the danger of sealing moisture inside a building when the walls are constructed. Many techniques have been developed to address this concern.

**Response:** HEW admits that sealing of moisture inside a building when walls are being constructed may be a concern during the construction of a building. HEW admits that some techniques have been developed that attempt to address this concern, though none of the techniques are the same as, or obvious variants of, the inventions described and claimed in the asserted HEW patents at issue in this action. HEW denies the remaining allegations of paragraph 7.

8. More specifically, during construction a process commonly referred to as "weatherization" is carried out as the framing of a building is enclosed from the elements. This prevents the elements, such as rain (also called "bulk water" in the industry) from entering the structure as interior construction is completed, as well as after completion. However, because the interior of the structure was open to nature prior to weatherization, moisture from ambient humidity and/or prior weather events remains inside what is now the wall of the structure. This

moisture will naturally become a vapor over time. Unless addressed, this water vapor can cause rot and mold.

**Response:** HEW admits that, generally speaking, weatherization is carried out to prevent the elements from entering the structure, though none of the techniques for weatherization are the same as, or obvious variants of, the inventions described and claimed in the asserted HEW patents at issue in this action. HEW admits that moisture may remain or enter the inside of the wall of a structure and that the moisture may become vapor over time. HEW admits that in such situations, if left unaddressed, water vapor may cause rot and mold. HEW denies the remaining allegations of paragraph 8.

9. Thus, in addition to being resistant to bulk water, any technique used in the weatherization process must be capable of permitting the water vapor to escape from inside the now enclosed wall of the structure. The ability of a material to permit vapor to pass through it is called its "permeability." The permeability of any material used in weatherization is an important metric, and a number of organizations have developed standardized testing and certification procedures. One such organization is ASTM International ("ASTM"), which has promulgated a number of certification tests for various parts of the construction industry. The specifications of ATSM's tests are publicly accessible and developed by ATSM based on well-understood industry requirements.

**Response:** HEW admits that the ability of a material to permit vapor to pass through it is often referred to as its "permeability." HEW states that the phrase "a number of organizations have developed standardized testing and certification procedures" is vague as it does not state what testing and procedures have been developed and, therefore, HEW denies that allegation. HEW admits that ASTM has promulgated a number of tests for various parts of the construction industry. HEW lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies them.

10. Prior to February 2004, the industry has [sic] developed a number of techniques and products for weatherization, including, but not limited to, the use of felt wrap, asphalt-impregnated paper, resin-impregnated paper, a plastic or polymer-based film (e.g., housewrap), tape, and/or liquid applied (including, but not limited to, paints, primers, and other sealants) weather resistant layers or barriers ("WRBs"). Some of these techniques and products were

applied at the factory, and some were applied in the field at the construction site, prior to or during the construction process.

**<u>Response:</u>** HEW admits that certain techniques and products for weatherization were known prior to February 23, 2004. HEW denies that these techniques or any techniques known and disclosed prior to February 23, 2004, adequately solved the problems associated with weatherization of buildings. HEW further denies that the techniques for weatherization known prior to February 23, 2004, are the same as, or obvious variants of, the inventions described and claimed in the asserted HEW patents at issue in this action. HEW states that the phrase "[s]ome of these techniques and products were applied at the factory, and some were applied in the field at the construction site, prior to or during the construction process" is vague and, therefore, HEW denies that allegation and any remaining allegations of paragraph 10.

11. Prior to February 2004, LP was researching, developing, and marketing one or more products and/or techniques related to the weatherization process described above. These products and/or techniques included wood or engineered-wood based products with integrated or factory applied WRBs.

**<u>Response:</u>** HEW lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them.

12. The Patents in Suit do not disclose any new developments or innovations for products and/or techniques related to the weatherization process described above, and merely describe products and/or techniques known or practiced in the industry prior to February 2004.

**<u>Response:</u>** HEW denies the allegations of paragraph 12.

**FIRST COUNTERCLAIM**
**<u>DECLARATORY JUDGMENT OF NONINFRINGEMENT</u>**

13. LP incorporates by reference the allegations of Paragraphs 1-12 of its Counterclaims as if set forth herein.

**<u>Response:</u>** HEW incorporates by reference each of its responses to paragraph 1-12 as if set forth fully herein.

14. Based on HEW's filing of this action and at least LP's affirmative defenses of noninfringement and invalidity, an actual controversy has arisen and now exists between the parties as to whether or not LP has infringed the Patents in Suit.

**Response:** HEW admits the allegations of paragraph 14.

15. LP has not and is not now infringing any valid claim of the Patents in Suit under any theory, including directly or indirectly (whether contributorily or by inducement).

**Response:** HEW denies the allegations of paragraph 15.

16. Pursuant to Federal Declaratory Judgment Act 28 U.S.C. § 2201, *et seq.*, LP requests a declaration by the Court that LP has not infringed, and does not infringe, any valid and enforceable claim of the Patents in Suit, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement. LP does not have an adequate remedy of law.

**Response:** HEW admits that LP is requesting a declaration from the Court that it has not infringed, and does not infringe, any valid and enforceable claim of the Patents in Suit, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement. HEW expressly denies that LP is entitled to such a declaration. HEW denies the remaining allegations of paragraph 16.

## SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY

17. LP incorporates by reference the allegations of Paragraphs 1-16 of its Counterclaims as if set forth herein.

**Response:** HEW incorporates by reference each of its responses to paragraph 1-16 as if set forth fully herein.

18. Based on HEW's filing of this action and at least LP's affirmative defenses of non-infringement and invalidity, an actual controversy has arisen and now exists between the parties as to whether or not LP has infringed the Patents in Suit.

**Response:** HEW admits the allegations of paragraph 18.

19. The asserted claims of the Patens in Suit are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in the Federal Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103, and 112.

**Response:** HEW denies the allegations of paragraph 19.

20. Upon information and belief, and subject to further discovery, one or more of the claims of the Patents in Suit are invalid under 35 U.S.C. §§ 102 and/or 103 in view of one or more prior art references, based on at least the prior art references, identified by the examiner during prosecution of the Patents in Suit and related applications; prior art references disclosed during prosecution of those and related applications; and document instances or prior use.

**Response:** HEW denies the allegations of paragraph 20.

21. Upon information and belief, and subject to further discovery, one or more of the claims of the Patents in Suit are invalid for failure to comply with the requirements of 35 U.S.C. § 112 due to lack of written description, failure to particularly point out and distinctly claim the subject matter regarded as the alleged invention, and/or failure to set forth a written description sufficient to enable any person skilled in the art to make and use the alleged invention.

**Response:** HEW denies the allegations of paragraph 21.

22. LP does not have an adequate remedy at law.

**Response:** HEW denies the allegations of paragraph 22.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mant.com
began@mnat.com

*Attorneys for Plaintiff*
*Huber Engineered Woods LLC*

OF COUNSEL:

Jeffrey D. Blake
MERCHANT & GOULD P.C.
191 Peachtree Street N.E., Suite 3800
Atlanta, GA 30303
(404) 954-5100

Daniel W. McDonald
Paige S. Stradley
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300

April 25, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 25, 2019, upon the following in the manner indicated:

Kelly E. Farnan, Esquire *VIA ELECTRONIC MAIL*
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
*Attorneys for Defendant*

W. Edward Ramage, Esquire *VIA ELECTRONIC MAIL*
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, TN 37201
*Attorneys for Defendant*

*/s/ Brian P. Egan*

Brian P. Egan (#6227)