IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HUBER ENGINEERED WOODS LLC, | ) | |
| | ) | |
| Plaintiff and Counterclaim-Defendant, | ) | C.A. No. 19-342-VAC-SRF |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| LOUISIANA-PACIFIC CORPORATION, | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant and Counterclaim-Plaintiff. | ) | |

**LOUISIANA-PACIFIC CORPORATION'S LETTER RESPONSE REGARDING PLAINTIFF'S MOTION TO STRIKE CERTAIN INVALIDITY CONTENTIONS AND PRIOR ART REFERENCES**

OF COUNSEL:
W. Edward Ramage
Baker, Donelson, Bearman,
 Caldwell & Berkowitz, PC
Baker Donelson Center - Suite 800
211 Commerce Street
Nashville, TN 37201
(615) 726-5600

Adam S. Baldridge
Lea H. Speed
Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC
165 Madison Avenue - Suite 2000
Memphis, TN 38103
(901) 526-2000

Joseph J. Richetti
Alexander Walden
Frank M. Fabiani
Bryan Cave Leighton Paisner LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 541-2000

Kelly E. Farnan (#4395)
Renée Mosley Delcollo (#6442)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
delcollo@rlf.com

*Attorneys for Defendant/Counterclaim Plaintiff Louisiana-Pacific Corporation*

Dated:  April 21, 2022

HEW's present Motion is HEW's fifth attempt to have the Court limit LP's ability to defend itself against the new corrected '588 patent that just recently came into existence and was added to this case in January 2022. HEW's current Motion does not assert (nor can it) that LP's invalidity contentions are deficient or raise new theories that were not timely disclosed in LP's initial or final invalidity contentions. Rather, HEW seeks to strike large swaths of LP's *initial invalidity contentions* that are based squarely on LP's defenses and counterclaims set forth in its Answer to HEW's Amended Complaint. In so doing, HEW's present Motion simply regurgitates its previous motion to strike LP's Answer under Rule 12, and again ignores the Court's prior holdings and well-established Delaware case law, both of which directly undermine HEW's position. Indeed, this Court rejected HEW's first two prior attempts to limit LP's ability to defend. (D.I. 280 at 16:21-17:1 (In ruling on HEW's Motion to Amend, the Court found "the defendant in my view has a right to a full and fair opportunity to take necessary discovery, assert defenses, perhaps counterclaim. I think that that is a right given to them as triggered by the filing of the amended complaint and also fully warranted under the circumstances here."); D.I. 296 ("Huber's request [in the Joint Status Report] that the Court direct supplemental discovery be limited to the topics identified by Huber (see id. at 3) is DENIED.")). In an apparent attempt to circumvent Judge Stark's directive that the new cause of action for the corrected '588 patent would not be limited solely to the issuance of the Certificate of Correction, HEW then filed two Rule 12 motions (which remain pending and are awaiting consideration by the District Judge, *see* 4/8/22 Oral Order) seeking to strike numerous defenses and counterclaims from LP's Answer. After it was ordered that filing a motion shall not "prevent the case, including discovery, from progressing" (Standing Order No. 2022-3 at 4), HEW's present Motion, once again, tries to circumvent Judge Stark's rulings on the same flawed basis as its prior motions. HEW's attempts to force LP to rely only on the defenses and contentions LP asserted as to the uncorrected patent *before the corrected patent existed and before claims of its infringement were even in the case* are an improper attempt to avoid the merits of this case. This not only violates Delaware's well-established precedent allowing defendants to freely and fully respond to amended pleadings without regard to the scope of the amendments, but also is contrary to long-standing Supreme Court policy, *see Lear, Inc. v. Adkins*, 395 U.S. 653, 674 (1969) (noting "the strong federal policy favoring the full and free use of ideas in the public domain" is undermined by the enforcement of invalid patents).

**HEW's Motion is both procedurally improper and untimely.**
HEW's Motion should be denied because it is, in essence, yet another serial Rule 12 motion seeking to prevent LP from pursuing the defenses that were properly raised in LP's Answer and Counterclaims to HEW's first assertion of the corrected '588 patent against LP. This conflicts with the letter and spirit of Rule 12(g), which requires that "a party that makes a motion under this [Rule 12] **must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion**." Fed. R. Civ. P. 12(g)(2) (emphasis added). On February 2, 2022, HEW responded to LP's Answer and Counterclaims by filing a 20-page motion to dismiss under Rule 12(b)(6). Then, the next day HEW filed a second Rule 12 motion (D.I. 303, 304), which, as HEW acknowledges outright, addresses issues that could have been raised in HEW's first 12(b)(6) Motion. *See* D.I. 304 at 1 (arguing Court could grant HEW's Motion under either 12(f) or 12(b)(6)). HEW's present Motion is effectively a third Rule 12 motion parroting the arguments made in its second Rule 12 motion and is seeking to strike many of the defenses properly raised in LP's Answer. Such successive Rule 12 motions are prohibited by Rule 12(g). The Third Circuit has interpreted Rule 12(g) to bar successive Rule 12

motions such as HEW's, and found error where a district court did not strictly enforce this Rule. *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 320-21 (3d Cir. 2015); *see also State Farm Mut. Automobile Ins. Co. v. Del. Diagnostic & Rehab. Ctr.*, C.A. No. 18-1806-MN-SRF, 2021 WL 1929365, at *4 (D. Del. May 13, 2021) ("The court is obligated to enforce Rule 12(g)(2) and failure to do so is error."), *report & recomm. adopted by* 2021 WL 2212295 (D. Del. June 1, 2021).

**<u>HEW's Motion is contrary to well-established Delaware law and the Court's prior decisions.</u>**
The premise underlying HEW's Motion is directly at odds with this District's landmark case of *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, which specifically rejected similar arguments that "the amendment does not reopen the right to respond to the entire pleading, and response is limited to the superseding material." 50 F.R.D. 415, 418 (D. Del. 1970). The Court noted that Rule 15(a) "does not direct a response to the 'amendment,' as it might have, but to the 'amended pleading.'" *Id.* at 418-19. Further, the Court found, "[s]ince the amended pleader chooses to redo his original work . . . he can hardly be heard to complain that claims filed against him are improper because they should have been asserted in response to his original pleading." *Id.* at 419. Following *Bancroft*, Delaware courts have overwhelmingly adhered to this approach. *See Genentech, Inc. v. Amgen Inc.*, 2020 WL 707243, at *1 (D. Del. Feb. 12, 2020) ("It has **long been the rule in this district** that in answering an amended complaint the defendant is **free to answer not simply the amendments, but the new complaint, as if answering an original complaint**.") (quoting *Standard Chlorine of Del., Inc. v. Sinibaldi*, 1995 WL 562285, at *2 (D. Del. Aug. 24, 1995) (emphasis added)); *Standard Chlorine*, 1995 WL 562285, at *2 (rejecting argument that counterclaims presented in response to an amended complaint required leave of court); *E.I. DuPont De Nemours & Co. v. Millennium Chems., Inc.*, 1999 WL 615164, at *4 (D. Del. Aug. 2, 1999) (finding plaintiff "offers no compelling justification for departing from the well established rule that a defendant may include counterclaims in its answer to an amended complaint"). This well-established case law is presumably why Judge Stark expressly noted in conjunction with granting HEW's Motion to Amend that "[LP] in my view has a right to a full and fair opportunity to take necessary discovery, assert defenses, perhaps counterclaim. I think that that is a right given to them as triggered by the filing of the amended complaint and also fully warranted under the circumstances here." (D.I. 280 at 16:21-17:1.)

Contrary to this well-settled case law, HEW argues that LP is limited solely to defenses/counterclaims directed to the Certificate of Correction or presented in its prior, pre-amendment contentions with regard to the uncorrected '588 patent infringement claim. (HEW Br. at 1-2). This assertion fails, **first**, because the corrected '588 Patent did not exist until July 13, 2021 and was only added to this case on January 4, 2022. **Second**, as recently as 2020 the *Genentech* Court rejected invitations like HEW's to deviate from the "well established rule" in this District and held a defendant is free to answer not simply the amendments, but the entirety of the amended pleading, as if answering an original complaint. *See Genentech*, 2020 WL 707243, at *1. Likewise, HEW's arguments are directly contradicted by *Bancroft*, *Standard Chlorine*, and *E.I. DuPont* in which Courts in this District expressly rejected the precise argument that previously "omitted counterclaims" could not be asserted in response to the amended pleading. Presumably recognizing this fatal flaw, HEW has previously relied, instead, on other districts that apply a different standard. *See Patel v. Pandya*, 2016 WL 3129615, at *2 (D.N.J. June 2, 2016) (applying a narrower approach to responding to amended complaint, which has been rejected by Delaware district courts); *S. New England Tel. Co. v. Glob. NAPS, Inc.*, 2007 WL 521162, at *3 (D. Conn.

Feb. 14, 2007) (same). **Third**, HEW has previously mischaracterized the District of Delaware cases that it relies upon. In *Sirona Dental Sys. v. Dental Imaging Techs. Corp.*, 2012 WL 3929949 (D. Del. Sept. 10, 2012), the Court expressly declined to limit the scope of a response to an amended pleading, and instead reasoned that the amended complaint in that case was actually a "supplemental pleading" which took it outside of the District's established rule. *Id.*; *see also Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1187 (3d Cir. 1979) (discussing "supplemental pleading" which "differs from an amendment"). Here, HEW previously requested but was denied leave to file a supplemental complaint (D.I. 215), and there can be no confusion that HEW's Amended Complaint is, in fact, an amended pleading. Any reliance by HEW on *Teva Pharms. USA, Inc. v. Forest Lab'ys, Inc.*, 2016 WL 7325511 (D. Del. June 16, 2016), would be equally misplaced because, there, the plaintiff itself characterized its pleading as a supplemental complaint adding only a wholly owned subsidiary of an existing defendant and the Court, relying on cases addressing responses to supplemental complaints, found "this case is simply too close to trial to add completely new issues without prejudicing Plaintiffs and unduly delaying the litigation." *See id.* at *1 n.1. Unlike *Teva*, HEW has added a new cause of action for infringement (including almost sixty pages of new infringement contentions) and the parties are engaging in renewed fact discovery, to be followed by additional expert discovery and summary judgment briefing.[1] **Fourth,** although HEW fixates on the Court's suggestion that "generally, supplemental discovery will be 'directed to new issues that arise from the addition of the Certificate of Correction'" (D.I. 296), that language undermines HEW's position. Indeed, the Court's statement does not state, nor even suggest, that LP's defenses and counterclaims should be limited in any way whatsoever. Nor did the Court say "issues that arise **from the issuance** of the Certificate of Correction"; instead, the Court clearly referred to "issues that arise **from the addition** of the Certificate of Correction" to this case (*i.e.*, the addition of the corrected '588 patent to this case), which is consistent with the Court's other language that HEW ignores, ruling against HEW on this same issue. (*Id.*; D.I. 280 at 16:21-17:1.)

**HEW's First, Second, and Third Motions to Strike regarding prior art should be denied.**
HEW's so-called first, second, and third motions to strike all relate to prior art that HEW argues LP should not be able to assert against HEW's new cause of action for infringement of the corrected '588 patent and would allegedly greatly expand the case. HEW's arguments are legally and factually incorrect.

HEW choose to amend its complaint to add a cause of action for the corrected '588 patent, which gave LP the right and opportunity, as recognized by the Court and the well-settled Delaware case law, to fully defend and assert defenses and counterclaims to the corrected '588 patent. (D.I. 280 at 16:21-17:1.) HEW's argument that LP should have raised these prior art references earlier misses the mark. LP is not asserting the prior art at issue against the *uncorrected* '588 patent and LP never had the opportunity to assert any defenses/counterclaims against the cause of action for the *corrected* '588 patent until HEW added it to this case. Furthermore, under the "well established rule" in this District that a defendant is free to answer not simply the amendments, but the entire new pleading, as if answering an original complaint, the issue could not be clearer as to LP's right

---

[1] The court in *Teva* also found significant "the [d]efendants [did] not present[] any new facts that might support their new invalidity contentions." *Teva*, 2016 WL 7325511, at *1. In contrast, here, LP has presented numerous facts in its Defenses and Contentions which supports its invalidity and unenforceability defenses/counterclaims/contentions. *See Lear*, 395 U.S. at 674.

3

to raise its defenses/counterclaims (on which LP's Initial Invalidity Contentions are based) against a newly asserted cause of action. HEW's arguments that certain "new" contentions could have been asserted earlier disregards this case law as well as this Court's previous rulings on this issue.

Moreover, LP's assertion of additional prior art in response to HEW's new cause of action for infringement of the corrected '588 patent is further warranted in light the fact that the corrected '588 patent has a different priority date from HEW's uncorrected '588 patent, and that HEW changed the priority date it was asserting "for purposes of this litigation" after the close of fact discovery for the uncorrected '588 patent.  Indeed, HEW conveniently omits from its Motion any mention of changing its position, for the first time in its rebuttal expert report, to no longer assert in this litigation the 2004 priority date previously maintained in HEW's discovery responses and reasserted by HEW to the Patent Office in connection with obtaining the Certificates of Correction. (See Ex. A - Lstiburek Rebuttal Report ¶ 36 ("Though the '588 Patent refers to a date of February 23, 2004, regarding two provisional applications, it is my understanding that HEW asserts a priority date of January 4, 2005, for the claims at issue in and purpose of this litigation.").)[2]

Further, HEW's arguments that LP's new prior art greatly expands the case ring hollow.  Before even responding to HEW's new cause of action for the corrected '588 patent, LP proposed that the parties agree to limit the number of asserted claims and defenses in order to simplify the case going forward. Specifically, LP offered to limit the number of invalidity and unenforceability theories to 8 and 4, respectively, if HEW would agree to limit the number of asserted claims to 10, but HEW declined. (See Ex. B). In turn, HEW's infringement claims and theories in its Initial Infringement Contentions for the corrected '588 patent ballooned by 53 pages beyond its Final Invalidity Contentions for the uncorrected '588 patent.  And, on April 13, 2022, HEW served its Final Infringement Contentions, in which it improperly attempts to inject an entirely new claim of direct infringement by LP of the corrected '588 patent not present in its Initial Infringement Contentions or Amended Complaint. Thus, HEW is plainly not concerned about any alleged expansion of the case, at least when it comes to HEW's infringement claims.  Rather, HEW seeks to dictate which defenses, counterclaims, and contentions LP can (and cannot) assert against the corrected '588 patent. (See D.I. 280 at 10:5-8). Although this may be HEW's desire, it is LP—not HEW—who decides which defenses/counterclaims LP may present at trial.

Finally, the prior art references at issue are being asserted in LP's *Initial* Invalidity Contentions, and at the time they were served, HEW will have had months of fact and expert discovery to address any alleged new prior art references.  Thus, there is no prejudice to HEW.

**HEW's Fourth Motion to Strike should also be denied as contrary to law.**
Like its first three motions, HEW's so-called fourth motion contains no relevant legal support, contains no specific arguments about any of the contentions referenced in its Fourth Motion, and appears to be a catch-all list of numerous defenses for which HEW would prefer to avoid any determination on the merits.  HEW argues that these contentions "have nothing to do with the CoC, and will unduly add to the burden of litigating this case with no commensurate benefit." (HEW's Br. at 3.) Again, HEW's argument is misplaced and contrary to controlling legal authority.

---

[2] Importantly, the Patent Office has never examined the claims of the uncorrected or corrected '588 patent under a January 2005 priority date.

HEW's myopic view of this case continues to ignore that its amended complaint adds a new cause of action for infringement of a new corrected '588 patent whose infringement is a new cause of action, and continues to disregard a critical aspect of patent law: because HEW chose to obtain a certificate of correction, the corrected and uncorrected '588 patents are two separate patents that cannot be conflated.  *See*, *e.g.*, *Southwest Software, Inc. v. Harlequin Inc.*, 226 F.3d 1280, 1295-97 (Fed. Cir. 2000). This is precisely the reason HEW's Motion to Supplement was denied (D.I. 215) and why HEW was required to either amend the complaint or file a new cause of action so that LP would have a full and fair opportunity to defend against it. (D.I. 280 at 4:7-20, 5:14-6:2.) Had HEW brought a new lawsuit, LP's right to assert any and all defenses and counterclaims thereto would be indisputable. LP should not be penalized because HEW sought to add its new patent to this case at the eleventh hour instead of filing a new lawsuit. (*See* D.I. 280 at 7:23-10:18, 12:1-21; 15:20-17:1.)  Thus, because HEW's amendment added a new patent-in-suit, all defenses and contentions pertaining to the newly-added corrected '588 patent necessarily correspond to the scope of HEW's amendments, *i.e.* the CoC for the corrected '588 patent. Accordingly, LP is plainly entitled to assert any and all contentions and defenses in response to HEW's new cause of action for infringement of the corrected '588 patent based on the CoC.

Furthermore, HEW's assertion of additional burden is a red herring.  If there is any additional burden on HEW, it is self-inflicted as HEW itself sought to obtain a Certificate of Correction and sought to assert a new cause of action for infringement of the corrected '588 Patent in this case. LP did not force HEW to undertake either of those two actions; the choice was entirely HEW's. It would be fundamentally unfair for HEW to assert a new cause of action against LP with the burdens that places on LP and then cry foul about alleged additional burdens on HEW of having to deal with defenses/counterclaims/contentions asserted by LP in defending against HEW's new cause of action.  This is especially true, here, given LP has the right under this Court's ruling and under well-established case law to assert those defenses/counterclaims/contentions.  (D.I. 280 at 16:21-17:1 ("Further, the defendant in my view has a **right to a full and fair opportunity to take necessary discovery, assert defenses, perhaps counterclaim**. I think that that is **a right given to them as triggered by the filing of the amended complaint** and also **fully warranted** under the circumstances here.") (emphasis added)); *see also Genentech*, 2020 WL 707243, at *1.

Finally, HEW's argument about LP having "too many invalidity defenses to present to a jury in a five-to ten-day trial" (HEW Br. at 3) is another thinly-veiled attempt to choose for LP which defenses LP may or may not present at trial. As discussed above, this is plainly improper.  Tellingly, HEW declined LP's invitation to limit the number of defenses LP would assert going forward in the case. (Ex. B.)  HEW cannot now complain about the number of defenses asserted by LP to try to strike certain contentions that HEW would prefer not to litigate on the merits.  It is LP's right (not HEW's) to determine what contentions/defenses/counterclaims to utilize at trial and LP fully intends to present the necessary proof in the time allotted.

For the reasons noted above, HEW's Motions to Strike are unfounded, inconsistent with this District's law, contrary to the Court's prior rulings here, and, accordingly, should be denied.

OF COUNSEL:

W. Edward Ramage
Baker, Donelson, Bearman,
 Caldwell & Berkowitz, PC
Baker Donelson Center - Suite 800
211 Commerce Street
Nashville, TN 37201
(615) 726-5600

Adam S. Baldridge
Lea H. Speed
Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC
165 Madison Avenue - Suite 2000
Memphis, TN 38103
(901) 526-2000

Joseph J. Richetti
Alexander Walden
Frank M. Fabiani
Bryan Cave Leighton Paisner LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 541-2000

Dated:  April 21, 2022

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)
Renée Mosley Delcollo (#6442)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
delcollo@rlf.com

*Attorneys for Defendant/Counterclaim Plaintiff Louisiana-Pacific Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2022, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
Jack B. Blumenfeld
Brian P. Egan
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Jeffrey D. Blake
Merchant & Gould P.C.
191 Peachtree Street N.E.
Suite 3800
Atlanta, GA 30303

**BY ELECTRONIC MAIL**
Daniel W. McDonald
Paige S. Stradley
Peter S. Selness
Merchant & Gould P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

**BY ELECTRONIC MAIL**
John T. Winemiller
Merchant & Gould P.C.
800 South Gay Street, Suite 2150
Knoxville, TN 37929

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
farnan@rlf.com