# **EXHIBIT B**

| | |
|---|---|
| **From:** | Baldridge, Adam |
| **To:** | Jeffrey Blake |
| **Cc:** | Speed, Lea; Ramage, W. Edward; Berkowitz, Nicole; joe.richetti@bclplaw.com; alexander.walden@bclplaw.com; frank.fabiani@bclplaw.com; Farnan, Kelly E.; Delcollo, Renee Mosley; HuberWeatherLogicLit; Streifthau-Livizos, Michelle |
| **Subject:** | RE: HEW v. LP - Meet and Confer Follow-up |

Jeff,

Following-up on our meet and confer this morning, LP is providing further details regarding its proposal to streamline the case as to the corrected '588 patent going forward by HEW reducing the number of claims it asserts and LP reducing the number of invalidity and unenforceability defenses it asserts as to the corrected '588 patent if the parties also agree to avoid unnecessary motion practice so that the case can proceed on the agreed schedule.  This will focus both parties on the relevant issues for the entire discovery period and avoid burdening the Court with protracted motion practice.  As discussed, our proposal is intended to curtail motion practice addressing the Amended Complaint, Answer and Counterclaims, with the limited exception that filing of a 12(B)(6) motion for allegedly failing to meet the pleading standard is permitted.

If the parties agree to avoid the motion practice identified, we propose that HEW reduce the number of asserted claims to a maximum of 10 claims, but may assert any theory of infringement for each of those 10 claims.  For example, this means that HEW may proceed as to a single claim by asserting (1) literal inducement, (2) inducement under the doctrine of equivalents, (3) literal contributory infringement, and (4) contributory infringement under the doctrine of equivalents, to the extent those theories are asserted in HEW's infringement contentions for the 10 claims.  In response (and after receiving the reduced set of asserted claims from HEW), LP will then narrow its invalidity/unenforceability  defenses to a maximum of 8 invalidity grounds and a maximum of 4 unenforceability grounds.   As we explained during the meet and confers, LP's selection of particular defenses would likely be dependent upon, among other things, the specific limited set of claims HEW decided to assert.  We offer the below examples of what would count as a separate invalidity or unenforceability defense, which are intended to be just that (i.e., to provide examples of what would constitute 1 ground for purposes of the narrowing), and not to suggest in any way that these are the specific grounds LP would ultimately move forward on:

- One primary prior art reference used alone and/or in combination(s) with secondary prior art references under Sections 102 and/or 103;
- The water property claim limitations do not meet the requirements of 35 USC  112;
- Claim terms are indefinite under Section 112;
- The claims are unenforceable based on HEW's conduct before the PTO in connection with obtaining the Certificates of Correction for the '588 patent and/or related patents;
- The claims are unenforceable based on HEW's conduct before the PTO in connection with submitting the Substitute Statements.
- And so on.

As can be seen, this proposed approach would significantly narrow the issues and streamline the case as to the corrected '588 patent going forward, including through supplemental discovery, expert reports, summary judgment, and trial.  As discussed during our meet and confers, under this proposal, HEW would be free to choose the claims it wishes to assert and LP would be free to choose the invalidity/unenforceability defenses and counterclaims it wishes to move forward on,

and the parties would agree to proceed as to those claims and counterclaims/defenses without further motion practice by either party (except as to any 12(B)(6) alleged lack of sufficiency of pleading excluded above).  It is LP's position that this approach is very reasonable, as scheduling orders that narrow the issues in other cases usually reduce only the number of asserted claims and number of prior art references, and LP's proposal obviously goes beyond that.

Alternatively, with respect to the specific enablement and written description evidence that the Court struck from LP's expert report on invalidity in the previous case as to the uncorrected '588 patent, we understand it is HEW's position that LP should not be permitted to assert that defense irrespective of any agreed-to narrowing by the parties, irrespective of the fact that the corrected '588 Patent was not yet a part of this case when the proof was developed or the Court ruled on the motion, and irrespective of the fact that no such ruling was made as to the corrected '588 Patent. As we have also made clear, LP does not agree to exclude those defenses against the corrected '588 patent (e.g., LP's position is that those defenses could be included within the 8 invalidity defenses selected by LP under the proposal above).  Despite this apparent impasse, we believe there is still considerable benefit to both parties and the Court in the parties agreeing to the remainder of the narrowing proposed above on the corrected '588 patent to avoid other unnecessary motion practice.  In other words, the parties could agree to the proposal above, with the caveat that HEW would move to strike only those specific enablement and written description defenses/counterclaims which the Court also struck from Dr. Tonyan's expert report for the uncorrected '588 patent, and LP would obviously oppose such a motion.

Please let us know whether HEW will agree to LP's proposal to narrow this case going forward.  We are available for a call to discuss should you have any further questions.

Adam

**Adam S. Baldridge**
Shareholder | Chair - Intellectual Property and Technology Litigation
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Direct:  901.577.2102
Fax:  901.577.0838
**Firm Bio**: www.bakerdonelson.com/adam-baldridge/
**LinkedIn Profile**: www.linkedin.com/in/adambaldridge
E-mail:  abaldridge@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents clients across the U.S. and abroad from offices in Alabama, Florida, Georgia, Louisiana, Maryland, Mississippi, South Carolina, Tennessee, Texas and Washington, D.C.

---

**From:** Jeffrey Blake <JBlake@MerchantGould.com>
**Sent:** Wednesday, February 2, 2022 10:30 AM
**To:** Baldridge, Adam <abaldridge@bakerdonelson.com>
**Cc:** Speed, Lea <lspeed@bakerdonelson.com>; Ramage, W. Edward <eramage@bakerdonelson.com>; Berkowitz, Nicole <nberkowitz@bakerdonelson.com>; joe.richetti@bclplaw.com; alexander.walden@bclplaw.com; frank.fabiani@bclplaw.com; Farnan@RLF.com; Delcollo, Renee Mosley <delcollo@rlf.com>; HuberWeatherLogicLit

&lt;HuberWeatherLogicLit@MerchantGould.com&gt;; Streifthau-Livizos, Michelle &lt;mstreifthau-livizos@morrisnichols.com&gt;
**Subject:** RE: HEW v. LP - Meet and Confer Follow-up

Yes, that is fine.

Call-in No.:  800-747-5150
Passcode:  2678367

Jeff

**From:** Baldridge, Adam &lt;abaldridge@bakerdonelson.com&gt;
**Sent:** Wednesday, February 2, 2022 11:20 AM
**To:** Jeffrey Blake &lt;JBlake@MerchantGould.com&gt;
**Cc:** Speed, Lea &lt;lspeed@bakerdonelson.com&gt;; Ramage, W. Edward &lt;eramage@bakerdonelson.com&gt;; Berkowitz, Nicole &lt;nberkowitz@bakerdonelson.com&gt;; joe.richetti@bclplaw.com; alexander.walden@bclplaw.com; frank.fabiani@bclplaw.com; Farnan@RLF.com; Delcollo, Renee Mosley &lt;delcollo@rlf.com&gt;; HuberWeatherLogicLit &lt;HuberWeatherLogicLit@MerchantGould.com&gt;; Streifthau-Livizos, Michelle &lt;mstreifthau-livizos@morrisnichols.com&gt;
**Subject:** RE: HEW v. LP - Meet and Confer Follow-up

**CAUTION - External.**

Jeff,

Do you want us to use the same call-in number you circulated yesterday?

Adam

**Adam S. Baldridge**
Shareholder | Chair - Intellectual Property and Technology Litigation
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Direct:  901.577.2102
Fax:  901.577.0838
**Firm Bio**: www.bakerdonelson.com/adam-baldridge/
**LinkedIn Profile**: www.linkedin.com/in/adambaldridge
E-mail:   abaldridge@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents clients across the U.S. and abroad from offices in Alabama, Florida, Georgia, Louisiana, Maryland, Mississippi, South Carolina, Tennessee, Texas and Washington, D.C.

**From:** Jeffrey Blake &lt;JBlake@MerchantGould.com&gt;
**Sent:** Wednesday, February 2, 2022 8:05 AM
**To:** Baldridge, Adam &lt;abaldridge@bakerdonelson.com&gt;
**Cc:** Speed, Lea &lt;lspeed@bakerdonelson.com&gt;; Ramage, W. Edward

<eramage@bakerdonelson.com>; Berkowitz, Nicole <nberkowitz@bakerdonelson.com>; joe.richetti@bclplaw.com; alexander.walden@bclplaw.com; frank.fabiani@bclplaw.com; Farnan@RLF.com; Delcollo, Renee Mosley <delcollo@rlf.com>; HuberWeatherLogicLit <HuberWeatherLogicLit@MerchantGould.com>; Streifthau-Livizos, Michelle <mstreifthau-livizos@morrisnichols.com>
**Subject:** Re: HEW v. LP - Meet and Confer Follow-up

Adam,

We are available at 11:30.

Jeff

---

**From:** Baldridge, Adam <abaldridge@bakerdonelson.com>
**Sent:** Wednesday, February 2, 2022 8:22 AM
**To:** Jeffrey Blake
**Cc:** Speed, Lea; Ramage, W. Edward; Berkowitz, Nicole; joe.richetti@bclplaw.com; alexander.walden@bclplaw.com; frank.fabiani@bclplaw.com; Farnan@RLF.com; Delcollo, Renee Mosley; HuberWeatherLogicLit; Streifthau-Livizos, Michelle
**Subject:** Re: HEW v. LP - Meet and Confer Follow-up

**CAUTION - External.**

---

Jeff,

Will either 11:30am or 12pm ET work for a call?

Thanks.

Adam

**Adam S. Baldridge**
Shareholder | Chair - Intellectual Property and Technology Litigation
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Direct:  901.577.2102
Fax:  901.577.0838
**Firm Bio**: www.bakerdonelson.com/adam-baldridge/
**LinkedIn Profile**: www.linkedin.com/in/adambaldridge
E-mail:  abaldridge@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents clients across the U.S. and abroad from offices in Alabama, Florida, Georgia, Louisiana, Maryland, Mississippi, South Carolina, Tennessee, Texas and Washington, D.C.

---

**From:** Jeffrey Blake <JBlake@MerchantGould.com>
**Sent:** Tuesday, February 1, 2022 6:21:25 PM
**To:** Baldridge, Adam <abaldridge@bakerdonelson.com>

**Cc:** Speed, Lea <lspeed@bakerdonelson.com>; Ramage, W. Edward <eramage@bakerdonelson.com>; Berkowitz, Nicole <nberkowitz@bakerdonelson.com>; joe.richetti@bclplaw.com <joe.richetti@bclplaw.com>; alexander.walden@bclplaw.com <alexander.walden@bclplaw.com>; frank.fabiani@bclplaw.com <frank.fabiani@bclplaw.com>; Farnan@RLF.com <Farnan@RLF.com>; Delcollo, Renee Mosley <delcollo@rlf.com>; HuberWeatherLogicLit <HuberWeatherLogicLit@MerchantGould.com>; Streifthau-Livizos, Michelle <mstreifthau-livizos@morrisnichols.com>
**Subject:** RE: HEW v. LP - Meet and Confer Follow-up

Sounds good, Adam.

Jeff

---

**From:** Baldridge, Adam <abaldridge@bakerdonelson.com>
**Sent:** Tuesday, February 1, 2022 7:20 PM
**To:** Jeffrey Blake <JBlake@MerchantGould.com>
**Cc:** Speed, Lea <lspeed@bakerdonelson.com>; Ramage, W. Edward <eramage@bakerdonelson.com>; Berkowitz, Nicole <nberkowitz@bakerdonelson.com>; joe.richetti@bclplaw.com; alexander.walden@bclplaw.com; frank.fabiani@bclplaw.com; Farnan@RLF.com; Delcollo, Renee Mosley <delcollo@rlf.com>; HuberWeatherLogicLit <HuberWeatherLogicLit@MerchantGould.com>; Streifthau-Livizos, Michelle <mstreifthau-livizos@morrisnichols.com>
**Subject:** Re: HEW v. LP - Meet and Confer Follow-up

**CAUTION - External.**

Jeff,

A one-day extension is fine. I will circulate some times for a call tomorrow morning.

Adam

**Adam S. Baldridge**
Shareholder | Chair - Intellectual Property and Technology Litigation
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Direct:  901.577.2102
Fax:  901.577.0838
**Firm Bio**: www.bakerdonelson.com/adam-baldridge/
**LinkedIn Profile**: www.linkedin.com/in/adambaldridge
E-mail:  abaldridge@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents clients across the U.S. and abroad from offices in Alabama, Florida, Georgia, Louisiana, Maryland, Mississippi, South Carolina, Tennessee, Texas and Washington, D.C.

---

**From:** Jeffrey Blake <JBlake@MerchantGould.com>
**Sent:** Tuesday, February 1, 2022 6:05 PM

**To:** Baldridge, Adam
**Cc:** Speed, Lea; Ramage, W. Edward; Berkowitz, Nicole; joe.richetti@bclplaw.com; alexander.walden@bclplaw.com; frank.fabiani@bclplaw.com; Farnan@RLF.com; Delcollo, Renee Mosley; HuberWeatherLogicLit; Farnan@RLF.com; Streifthau-Livizos, Michelle
**Subject:** RE: HEW v. LP - Meet and Confer Follow-up

Adam,

If we misunderstood your proposal in some way, we are happy to discuss further in an attempt to avoid further burdening the Court. However, as our motion to dismiss is due this evening, that would necessitate a one day extension of time to file our motion so that we could discuss tomorrow.  I am generally free tomorrow, except 1-1:30pm ET.  Let me know if you would like to discuss, and, if so, whether LP will agree to the one day extension.

Jeff

---

**From:** Baldridge, Adam <abaldridge@bakerdonelson.com>
**Sent:** Tuesday, February 1, 2022 6:33 PM
**To:** Jeffrey Blake <JBlake@MerchantGould.com>
**Cc:** Speed, Lea <lspeed@bakerdonelson.com>; Ramage, W. Edward <eramage@bakerdonelson.com>; Berkowitz, Nicole <nberkowitz@bakerdonelson.com>; joe.richetti@bclplaw.com; alexander.walden@bclplaw.com; frank.fabiani@bclplaw.com; Farnan@RLF.com; Delcollo, Renee Mosley <delcollo@rlf.com>; HuberWeatherLogicLit <HuberWeatherLogicLit@MerchantGould.com>; Farnan@RLF.com; Streifthau-Livizos, Michelle <mstreifthau-livizos@morrisnichols.com>
**Subject:** RE: HEW v. LP - Meet and Confer Follow-up

**CAUTION - External.**

Jeff,

Thanks for your email.  It looks like maybe we weren't speaking the same language during the call yesterday because the characterization in your email below isn't accurate as to LP's proposal.  We would happy to discuss further if HEW has an genuine interest in doing so but as I indicated yesterday this offer was contingent on HEW's foregoing burdening the Court with a motion to strike/dismiss and LP's being able to assert the defenses it chooses.

Thanks.

Adam

**Adam S. Baldridge**
Shareholder | Chair - Intellectual Property and Technology Litigation
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Direct:  901.577.2102
Fax:  901.577.0838

**Firm Bio**: www.bakerdonelson.com/adam-baldridge/
**LinkedIn Profile**: www.linkedin.com/in/adambaldridge
E-mail:  abaldridge@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents clients across the U.S. and abroad from offices in Alabama, Florida, Georgia, Louisiana, Maryland, Mississippi, South Carolina, Tennessee, Texas and Washington, D.C.

---

**From:** Jeffrey Blake <JBlake@MerchantGould.com>
**Sent:** Tuesday, February 1, 2022 5:20 PM
**To:** Baldridge, Adam <abaldridge@bakerdonelson.com>
**Cc:** Speed, Lea <lspeed@bakerdonelson.com>; Ramage, W. Edward <eramage@bakerdonelson.com>; Berkowitz, Nicole <nberkowitz@bakerdonelson.com>; joe.richetti@bclplaw.com; alexander.walden@bclplaw.com; frank.fabiani@bclplaw.com; Farnan@RLF.com; Delcollo, Renee Mosley <delcollo@rlf.com>; HuberWeatherLogicLit <HuberWeatherLogicLit@MerchantGould.com>; Farnan@RLF.com; Streifthau-Livizos, Michelle <mstreifthau-livizos@morrisnichols.com>
**Subject:** HEW v. LP - Meet and Confer Follow-up

Adam,

Following up on our meet and confer call from yesterday, HEW has considered LP's proposal that HEW reduce its asserted claims to 10 claims and LP reduce its asserted defenses/counterclaims to 10.  After consideration, HEW declines this proposal because we do not believe it represents a meaningful narrowing by LP.  For instance, as we discussed yesterday, LP would consider all of its 102/103 arguments to collectively count as 1 defense/counterclaim under this proposal. Given the large number of prior art combinations identified in LP's expert reports and LP's Answer to the Amended Complaint, this would allow LP to maintain a large number of arguments under the guise of one defense/counterclaim. Thus, HEW does not view the proposal as significantly narrowing LP's defenses/counterclaims.

Moreover, it remains HEW's position that LP should not be able to re-introduce defenses/counterclaims that were previously struck by the Court. Further, it remains HEW's position that LP should not be able to introduce new defenses/counterclaims into the case, unless they relate to the issuance of the Certificate of Correction. LP's proposal would allow LP to both reintroduce defenses/counterclaims that were struck and to introduce new defenses/counterclaims.

HEW remains willing to discuss any further proposals to narrow the issues in the case, if such proposals will result in meaningful narrowing of the issues without introducing new defenses/counterclaims.

In the meantime, LP stated during the meet and confer call that it opposes HEW's motion to strike if we are unable to reach agreement of a proposal to narrow. Therefore, HEW considers the meet and confer process to be complete.  We will proceed with the motion to strike.

Thanks,
Jeff

**Jeffrey Blake**
Merchant & Gould P.C.
191 Peachtree Street, NE Suite 3800
Atlanta, GA 30303
USA

**Telephone** (404) 954-5040
**Fax** (612) 332-9081
[merchantgould.com](http://merchantgould.com)

GUARDIANS OF GREAT IDEAS®

Note: This email message is confidential and may be privileged or otherwise protected by law. If you are not the intended recipient, please: (1) reply via email to the sender; (2) destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) refrain from copying or disseminating this communication by any means whatsoever. Please consider the environment before printing this email. Thank you.
NOTICE: This electronic mail transmission with any attachments may constitute an attorney-client communication, protected health information (PHI) or other confidential information that is in fact confidential, legally protected from disclosure and/or protected by the attorney-client privilege. If you are the intended recipient, please maintain confidentiality and be aware that forwarding this e-mail to others may result in a waiver of these protections and privileges and regardless electronic communications may be at times illegally accessed and viewed. If you are not the intended recipient, this e-mail is not intended for transmission to you, nor to be read, reviewed, used, distributed or even received by you or any other unauthorized persons. If you have received this electronic mail transmission in error, please double delete it from your system immediately without copying, reading or disseminating it, and notify the sender by reply e-mail, so that our address record can be corrected. Thank you very much.