**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HUBER ENGINEERED WOODS LLC, | ) | |
| | ) | |
| Plaintiff and Counterclaim-Defendant, | ) | C.A. No. 19-342-VAC-SRF |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| LOUISIANA-PACIFIC CORPORATION, | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Defendant and Counterclaim-Plaintiff. | ) | |

**DEFENDANT LOUISIANA-PACIFIC CORPORATION'S**
**OPENING LETTER TO THE HONORABLE SHERRY R. FALLON**
**REGARDING ITS COMBINED MOTIONS TO COMPEL**

OF COUNSEL:
W. Edward Ramage
Baker, Donelson, Bearman,
 Caldwell & Berkowitz, PC
Baker Donelson Center - Suite 800
211 Commerce Street
Nashville, TN 37201
(615) 726-5600

Adam S. Baldridge
Lea H. Speed
Baker, Donelson, Bearman,
 Caldwell & Berkowitz, PC
165 Madison Avenue - Suite 2000
Memphis, TN 38103
(901) 526-2000

Joseph J. Richetti
Alexander Walden
Frank M. Fabiani
Bryan Cave Leighton Paisner LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 541-2000

Dated:  May 5, 2022

Kelly E. Farnan (#4395)
Renée Mosley Delcollo (#6442)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
delcollo@rlf.com

*Attorneys for Defendant/Counterclaim*
*Plaintiff Louisiana-Pacific Corporation*

Dear Judge Fallon,

LP seeks an order (1) compelling HEW to supplement its privilege log to log patent prosecution documents of the patents-in-suit and compelling production of certain documents improperly withheld by HEW on the basis of privilege pursuant to Rule 37(a)(3); and (2) compelling HEW to supplement its responses to Interrogatory Nos. 28, 29, and 32 to provide the information sought and to provide responsive information known to J.M. Huber Corp., HEW's intertwined parent.

## A.   HEW Should Be Compelled to Log Prosecution Documents of the Patents-In-Suit.

LP seeks to compel HEW to supplement its privilege log on the limited subject matter of HEW's prosecution of the patents-in-suit, both pre-litigation (which were never logged for its prosecution counsel) and for the limited post-litigation time frame of November 2020 (when HEW was put on notice of priority issues with the uncorrected '588 patent) to January 4, 2022 (the filing date of HEW's Amended Complaint).   As a threshold matter, HEW failed to log any pre-litigation communications or documents for John Greenwald, primary prosecution counsel for the patents-in-suit.   LP asked for an explanation of why these documents were not logged and to date has received none.   *Regeneron Pharms., Inc. v. Merus N.V.*, 864 F.3d 1343, 1361-64 (Fed. Cir. 2017) (discussing relevance of documents relating to prosecuting attorneys' file). In addition to pre-suit prosecution activities, more than a year *after* the Court entered the ESI Order (D.I. 20 at 8), HEW began filing the first of many repeated requests with the U.S. Patent Office to change the priority date of the '588 patent, resulting in multiple denials and numerous representations and statements to the PTO regarding the '588 patent and other patents in the same family. (*See, e.g.,* D.I. 199.) In defending against HEW's Amended Complaint adding a new cause of action for the corrected '588 Patent, LP asserted a number of defenses, including inequitable conduct in connection with HEW's prosecution activities.   (D.I. 297 at pp. 42-45); *see also Pall Corp. v. Cuno Inc.*, 268 F.R.D. 167, 170 (E.D.N.Y. 2010) (privilege may be waived by relying on good faith defense to assertions of inequitable conduct).   HEW refusal to log relevant prosecution documents hinders LP's ability to fully and fairly defend against HEW's new complaint, which the Court specifically stated LP has the right to do.   (D.I. 280 at 16:21-17:1; D.I. 281); *see also I-Med Pharma Inc. v. Biomatrix, Inc.*, Civ. No. 03-3677 (DRD), 2011 WL 6140658, at *4 (D.N.J. Dec. 9, 2011) (no showing of "exceptional circumstances" or "manifest injustice" is required to modify a discovery stipulation). LP cannot properly evaluate HEW's assertions of privilege or whether privilege may have been waived without a privilege log to enable LP to assess HEW's privilege claims.   Accordingly, LP respectfully requests that the Court modify the ESI Order and require HEW to log all documents relating to its patent prosecution activity during the applicable time periods.

## B.   HEW's Privilege Log is Woefully Deficient And Those Documents Should Be Produced.

Under Rule 26(b)(5), "[a] party can sustain [its] burden [of demonstrating the applicability of attorney-client privilege] through a properly prepared privilege log that identifies each document withheld, and contains information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter."   *Johnson v. Ford Motor Co.*, 309 F.R.D. 226, 232 (S.D.W. Va. 2015) (quoting *Sky Angel US, LLC v. Discovery Comms., LLC*, 28 F. Supp. 3d 465, 483 (D. Md. 2014)).   Here, however, there are numerous entries on HEW's log **where no custodian or author is identified, where no sender or recipient are identified, or where a non-lawyer sender is identified but no recipient is identified**. (*See, e.g.,* Ex. A – HEW Privilege Logs - Entries 110-112, 164-165, 182, 204-209, 211-212, 235, 238, 241, 244, 249, 252, 255, 258,

275-276, 296-300, 326-327, 338-341, 383, 385-387, 537-538, 540-548, 550-561, 563-589, 591, 597, 601, 603, 605, 607-612, 619, 626-629, 636-637, 643-644, 646-654, 657, 661-670, 672-678, 680-688, 693-694).  HEW has refused to supplement its privilege log for many of these entries despite multiple requests from LP to do so.  A party who "does not identify any specific attorney with whom a confidential communication was made . . . has failed to provide sufficient detail to demonstrate fulfillment of the legal requirements for the application of the privilege." *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 477 (E.D. Pa. 2005) (quotation omitted).

Additionally, there are numerous entries **where the distribution list does not support an assertion of privilege**, because they reflect wide distribution of the information. and/or do not involve specific legal counsel.  (*See, e.g.*, Ex. A - Entries 210, 213-218, 221, 223-230, 272, 277-280, 316-319, 342, 345, 347-349, 353-356, 361, 363, 375, 377, 382, 510, 516, 518-522, and 592). For most of these entries, HEW does not identify any attorney as being involved in authoring, directing, sending, or receiving the communication at all.  *See SmithKline*, 232 F.R.D. at 477. Where a document is not authored by an attorney, the party claiming the privileged must establish "some nexus between the privileged communication and a *specific* attorney."  *Schwarz Pharma., Inc. v. Teva Pharms. USA, Inc.*, No. CIV A 01-4995 (DRD), 2007 WL 2892744, at *3 (D.N.J. Sept. 27, 2007) (emphasis added).

Additional entries on HEW's log, many of which overlap with those addressed above, **fail to provide an adequate description of the document to support HEW's claim of privilege**.  (*See, e.g.*, Ex. A - Entries 65, 67, 71-74, 110-112, 182, 204-209, 211-212, 338-341, 537, 540-541, 543-547, 551-561, 563-574, 578-579, 587-589, 591, 597, 601, 605, 607-613, 619, 626-629, 636-637, 643-644, 647, 654, 672-676, 678, 691).  HEW begins each of its descriptions with iterations of form language and then provides a brief description of the subject matter, such as "Georgia Pacific," "Zip System," "One Step Roofing," "HEW Strategy Review," "Board of Directors presentation," "HEW product launch."  None of these subjects are inherently legal in nature and, particularly with respect to those documents without any author or distribution information, appear to be business-oriented in nature. HEW's "conclusory assertion that a document is privileged is inadequate to meet the burden imposed by Rule 26(b)(5)(A)." *Johnson*, 309 F.R.D. at 232; *see Jansson v. Stamford Health, Inc.*, 312 F. Supp. 3d 289, 298 (D. Conn. 2018) (finding insufficient the privilege log description "Communications re: Jansson contract").  Further, **no privilege redacted documents have been logged by HEW.**  In Entry 695, HEW provides no information regarding the date, custodian, author, recipient, or even Bates number of any documents containing redactions for privilege.  HEW instead conclusorily states "[s]uch redactions are privileged because they reflect legal advice or legal analysis provided by counsel or done the direction of counsel."  This is plainly insufficient to sustain a claim of privilege.

LP anticipates that HEW may take issue with the timing of LP's challenge to HEW's privilege log. This ignores the facts and law of the case. The deficiencies with HEW's privilege log became highly relevant in light of LP's inequitable conduct theories asserted in response to HEW's new cause of action in January 2022.  The documents withheld by HEW based on its insufficient and meritless privilege assertions are directly relevant to LP's defenses.  Moreover, here, fact discovery has been reopened, and the Court has explicitly made clear that LP has a full and fair opportunity to defend against HEW's new cause of action.  (D.I. 280 at 16:21-17:1.)  Finally, there is no local rule limiting the time to challenge a privilege log and other courts have recognized that privilege logs may be challenged at any time. *See Fed. Trade Comm'n v. Abbvie, Inc.*, Civil Action No. 14-

5151, 2015 WL 8623076, at *12 n.14 (E.D. Pa. Dec. 14, 2015) (rejecting that a privilege log challenge was untimely when made in a *subsequent lawsuit years later*).

**C.  HEW Should Be Compelled to Fully Respond to Interrogatory Nos. 28, 29, & 32.**

LP's Interrogatory Nos. 28, 29, and 32 seek information directly related to LP's defenses, namely detailed information regarding each sale, offer for sale, use, and disclosure of ███████████████ ████████████████████████████████████████████████████████████████████ ████████████████  Despite correspondence exchanged and a meet and confer regarding HEW's deficient interrogatory responses (*see* Ex. B), the latest version of HEW's responses to Interrogatory Nos. 28, 29, and 32, which are attached as Exhibits C and D, remain deficient.

The issues with HEW's responses are two-fold: they do not provide the information sought and limit the responses to only instances noted in LP's Initial Invalidity and Unenforceability Contentions Post-Amended Complaint ("Contentions") based on the limited information currently known by LP.  By way of example and not limitation, in response to Interrog. No. 28, HEW does not provide the names of the persons involved in the ████████████████████████████ ███████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████. HEW has also refused to provide any information beyond simply summarizing the documents referenced in LP's Contentions, and HEW's response makes claims such as "LP has not identified any evidence," "LP provides no evidence," and so on.  (Ex. C at pgs. 10-11).  However, the Interrogatories do not merely ask HEW to respond to LP's contentions; HEW must respond with all information within its possession, custody, or control, not merely that is identified in LP's contentions.

HEW's response to Interrog. No. 29 is essentially identical in its deficiencies as those to No. 28 even though No. 29 seeks all facts and reasons concerning ███████████████████ ███████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████ █████████████████████  (See Ex. C at 33-51.)  HEW does not provide any additional information beyond that provided in response to No. 28.  HEW's response to No. 32 likewise appears to have been largely copied from its responses to Nos. 28 and 29.  HEW's response to No. 32 also seemingly ignores LP's use of and definition for "Huber Product" in response to this Interrogatory and responds as if "Huber Product" is identical to the "One Step Embodiment" asked about in Nos. 28 and 29. (Ex. D at 6-29.)

**D.  HEW Should Respond to Interrogatories With Information in J.M. Huber's Knowledge.**

During the parties' meet and confer on April 25, 2022 regarding Nos. 28, 29, and 32, HEW's counsel revealed for the first time that information known to and within the possession of J.M. Huber Corporation ("J.M. Huber"), HEW's parent company which oversees HEW's operations

and shares back office functions with HEW, has not been provided to LP. However, that responsive information may be in J.M. Huber's possession does not excuse HEW from providing it to LP. The duty to provide responsive information "can include information held by a parent company." *Grosek v. Panther Transp., Inc.*, 251 F.R.D. 162, 166 (M.D. Pa. 2008). "Control" is construed very broadly in this context. "[W]here the litigating corporation is the subsidiary and the parent possesses the records, courts have found control to exist on the following alternate grounds: (1) the alter ego doctrine which warranted 'piercing the corporate veil'; (2) the subsidiary was an agent of the parent in the transaction giving rise to the lawsuit; (3) the relationship is such that the agent-subsidiary can secure documents of the principal-parent to meet its own business needs and documents helpful for use in litigation; (4) there is access to documents when the need arises in the ordinary course of business; and (5) subsidiary was marketer and servicer of parent's product . . . in the United States." *See, e.g., Camden Iron and Metal, Inc. v. Marubeni America Corp.*, 138 F.R.D. 438, 441-42 (D.N.J. 1991) (quoting *Gerling Int'l Ins. Co. v. C.I.R.*, 839 F.2d 131, 140 (3d Cir. 1988)). Here, grounds (1), (2), (3), and (4) are satisfied.

HEW initially operated as a division of J.M. Huber. Indeed, HEW did not exist as a LLC as of the date HEW claims "the idea for the claimed inventions was first conceived on August 16, 2000" and when samples of One Step Roofing products were shared with builders and dealers throughout 2002 and 2003. (Ex. C at 5-7). Even after HEW was formed as a separate LLC, the relationship between J.M. Huber and HEW has remained extremely close. As explained by HEW's CFO and Vice President of Strategy, Kirk Blanchette, "Huber Engineered Woods, LLC is one of the operating units underneath the JM Huber Corporation," HEW's financial statements "roll up to JM Huber," HEW provides monthly financial reports to the "JM Huber corporate team," and HEW and J.M. Huber have "shared back office and other functions." (Ex. E - Blanchette Tr. 20:12-16, 20:23-25, 101:1-14, 103:3-8, 104:1-2). Of note, all of the in-house legal counsel identified on HEW's privilege log regarding the prosecution and enforcement of the patents-in-suit are employed by J.M. Huber. (*See* Ex. A - Supplemental Listing of Legal Counsel Identified on HEW's Privilege Log). All of HEW and J.M. Huber's employees appear to use the same email/domain address -- "@huber.com". The Terms and Conditions section of HEW's website includes a copyright notice indicating that "J.M. Huber Corporation owns the copyright in all material provided on this Site." (Ex. F - Printout of Terms and Conditions). Further, the companies are so intertwined that the named inventors of the patents-in-suit could not say whether they were employed by J.M. Huber or HEW or believed they were employed by both. (*See* Ex. G - Rick Jordan Tr. 18:20-22; Ex. H - Landus Bennett Tr. 17:6-22; Ex. I - Nian Ou Tr. 10:14-11:4).

Further, HEW has self-servingly disclosed and relied on J.M. Huber's documents and produced them in this litigation. (See, e.g., Ex. J.) Thus, HEW clearly has access to J.M. Huber's documents when the need arises in the ordinary course of business and when it would be helpful in this litigation. HEW should not be permitted to shield the knowledge of J.M. Huber that is responsive to LP's discovery. The Court has made clear that LP is entitled to a full and fair opportunity to defend against HEW's Amended Complaint, and the information sought is directly relevant to LP's defenses and within the exclusive possession of HEW/J.M. Huber. Accordingly, LP respectfully requests that the Court enter the Proposed Order attached hereto as Exhibit K.

4

OF COUNSEL:
W. Edward Ramage
Baker, Donelson, Bearman,
  Caldwell & Berkowitz, PC
Baker Donelson Center - Suite 800
211 Commerce Street
Nashville, TN 37201
(615) 726-5600

Adam S. Baldridge
Lea H. Speed
Baker, Donelson, Bearman,
  Caldwell & Berkowitz, PC
165 Madison Avenue - Suite 2000
Memphis, TN 38103
(901) 526-2000

Joseph J. Richetti
Alexander Walden
Frank M. Fabiani
Bryan Cave Leighton Paisner LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 541-2000

Dated:  May 5, 2022

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Renée Mosley Delcollo (#6442)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
delcollo@rlf.com

*Attorneys for Defendant/Counterclaim*
*Plaintiff Louisiana-Pacific Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2022, true and correct copies of the foregoing document

were caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
Jack B. Blumenfeld
Brian P. Egan
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Jeffrey D. Blake
Merchant & Gould P.C.
191 Peachtree Street N.E.
Suite 3800
Atlanta, GA 30303

**BY ELECTRONIC MAIL**
Daniel W. McDonald
Paige S. Stradley
Peter S. Selness
Merchant & Gould P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

**BY ELECTRONIC MAIL**
John T. Winemiller
Merchant & Gould P.C.
800 South Gay Street, Suite 2150
Knoxville, TN 37929

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
farnan@rlf.com

# EXHIBITS A-E REDACTED IN THEIR ENTIRETY

# EXHIBIT F

## I. GENERAL TERMS OF USE

PLEASE CAREFULLY REVIEW THIS DISCLAIMER, LIMITATION OF LIABILITY, AND TERMS AND CONDITIONS DESCRIBED BELOW BEFORE ACCESSING THIS J.M. HUBER CORPORATION ("HUBER") WEBSITE, INCLUDING THE CAREERS SECTION. PLEASE NOTE THAT THE INFORMATION AND MATERIALS CONTAINED IN THE FOLLOWING PAGES, INCLUDING ANY LEGAL DISCLAIMER, LIMITATION OF LIABILITY, TERMS, CONDITIONS, AND CAREERS INFORMATION ARE ALL SUBJECT TO CHANGE AND SHOULD BE REVIEWED EACH TIME THIS SITE IS ACCESSED. BY VISITING THIS WEB SITE BEYOND THE DISCLAIMER, LIMITATION OF LIABILITY, AND TERMS AND CONDITIONS PAGE, YOU ACKNOWLEDGE TO AGREE TO THE DISCLAIMER AND ALL OF THE TERMS AND CONDITIONS DETAILED BELOW. IF YOU DO NOT AGREE TO THE DISCLAIMER, LIMITATION OF LIABILITY, AND ALL OF THE TERMS AND CONDITIONS, PLEASE TERMINATE YOUR ACCESS IMMEDIATELY.

### A. DISCLAIMER OF WARRANTY

THE MATERIALS IN THIS SITE ARE PROVIDED "AS IS" AND WITHOUT WARRANTIES OF ANY KIND EITHER EXPRESS OR IMPLIED. TO THE FULLEST EXTENT PERMISSIBLE PURSUANT TO APPLICABLE LAW, HUBER DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE AND NON-INFRINGEMENT. Some jurisdictions do not allow the exclusion of implied warranties. In such jurisdictions, the disclaimer set forth immediately above may not apply to you.

HUBER DOES NOT WARRANT THAT THE FUNCTIONS CONTAINED IN THE MATERIALS WILL BE UNINTERRUPTED OR ERROR-FREE, THAT DEFECTS WILL BE CORRECTED, OR THAT THIS SITE OR THE SERVER THAT MAKES IT AVAILABLE ARE FREE OF VIRUSES OR OTHER HARMFUL COMPONENTS. HUBER DOES NOT WARRANT OR MAKE ANY REPRESENTATIONS REGARDING THE USE OR THE RESULTS OF THE USE OF THE MATERIALS IN THIS SITE IN TERMS OF THEIR CORRECTNESS, ACCURACY, RELIABILITY, OR OTHERWISE. YOU (AND NOT HUBER) ASSUME THE ENTIRE COSTS OF ALL NECESSARY SERVICING, REPAIR OR CORRECTION.

### B. LIMITATION OF LIABILITY

UNDER NO CIRCUMSTANCES, INCLUDING, BUT NOT LIMITED TO, NEGLIGENCE, SHALL HUBER BE LIABLE FOR ANY DIRECT, INDIRECT, SPECIAL, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES, INCLUDING, BUT NOT LIMITED TO, LOSS OF DATA OR INFORMATION, LOSS OF PROFITS, BUSINESS INTERRUPTION OR ANY OTHER DAMAGES ARISING OUT OF THE USE, RELIANCE ON OR THE INABILITY TO USE, THE MATERIALS ON THIS SITE, EVEN IF HUBER OR A HUBER AUTHORIZED REPRESENTATIVE HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. IF YOUR USE OF MATERIALS FROM THIS SITE RESULTS IN THE NEED FOR SERVICING, REPAIR OR CORRECTION OF EQUIPMENT OR DATA, YOU ASSUME ANY COSTS THEREOF. IN NO EVENT SHALL HUBER'S TOTAL LIABILITY TO YOU FOR ALL DAMAGES, LOSSES, AND CAUSES OF ACTION (WHETHER IN CONTRACT, TORT (INCLUDING, BUT NOT LIMITED TO, NEGLIGENCE) OR OTHERWISE) EXCEED THE AMOUNT PAID BY YOU, IF ANY, FOR ACCESSING THIS SITE.

## II. TERMS AND CONDITIONS OF USE

### A. COPYRIGHT NOTICE

© J.M. HUBER CORPORATION 1996-2011. ALL RIGHTS RESERVED.

Unless otherwise expressly indicated, J.M. Huber Corporation owns the copyright in all material provided on this Site. Except as stated herein, none of the material may be copied, reproduced, distributed, republished, downloaded, displayed, posted or transmitted in any form or by any means, including, but not limited to, electronic, mechanical, photocopying, recording, or otherwise, without the prior written permission of Huber. Permission is granted solely to view, display, copy, distribute and download the materials on this Site for personal or non-commercial use only provided you do not modify the materials and that you retain all copyright and other proprietary notices contained in the materials. Modification of the documents, related graphics and materials or use of the documents, related graphics and materials for any other purpose is a violation of Huber's copyright and other proprietary rights. The use of any materials from this Site on any other Web Site or any networked computer environment is prohibited. The permission terminates automatically if you breach any of these terms or conditions. Upon termination, you will immediately destroy any downloaded and printed materials.

### B. TRADEMARKS

All names, logos and marks appearing in this site, unless otherwise noted, are trademarks of Huber or its affiliates. Any use of these marks, except as otherwise provided, is strictly prohibited.

### C. IDEA SUBMISSIONS

You agree any comments or materials sent to Huber's site or elsewhere, including questions, comments, suggestions, or the like (collectively "Submissions"), shall be deemed to be non-confidential and non-proprietary and shall be deemed to be the property of Huber. Huber shall have no obligation of any kind with respect to such Submissions and Huber shall be free to reproduce, use, disclose, exhibit, display, transform, create derivative works and distribute the Submissions to others without limitation and without liability or obligation of any kind to you. Further, Huber shall be free to use any ideas, concepts, know-how or techniques contained in such Submissions for any purpose whatsoever, including but not limited to developing, manufacturing and marketing products incorporating such Submissions. You agree you shall have no recourse, rights, claims or damages against Huber for any alleged or actual use, disclosure, infringement or misappropriation of any of your rights in your Submissions to Huber.

### D. Special TERMS & CONDITIONS FOR J.M. HUBER CORPORATION CAREERS SITE ("Huber Careers Site") ACCESS

EEO COMPLIANCE. J.M. Huber Corporation considers all applicants for employment without regard to race, color, religion, creed, sex, sexual orientation, marital status, ancestry, national origin, age, disability or other status protected by local, state or federal law. Huber also provides "reasonable accommodations" to qualified individuals with disabilities, in accordance with the Americans With Disabilities Act and applicable state and local laws.

### E. NO EXPECTATION OF PRIVACY

By the use of this site, you expressly consent to the dissemination of your personal information within Huber and/or its authorized agents in furtherance of the purpose of this career site. All information submitted via this site becomes the property of Huber, which shall be free to use it in an unrestricted manner. There are no obligations of confidentiality regarding submitted information except as may be required by law. Any information submitted will be subject to unlimited use by Huber and the site administrators including the intended purpose of the career site, interpreted in accordance with the most expansive interpretation of such purpose.

Personal information you provide to the site will be processed in order to provide Huber's recruitment group and related management with information regarding your interest in potential employment with Huber. By accepting these Terms and Conditions, you authorize Huber to use your information, including but not limited to any personal data or sensitive data to process your expression of interest in employment opportunities; to provide you with any services available on this site; to communicate with you; or to conduct any other processing relating to potential position vacancies at Huber. Such processing may include, but shall not be limited to, processing your personal information and transmitting it to other Huber affiliates, subsidiaries or third parties acting on Huber's behalf, including but not limited to, those in the various countries where Huber conducts business.

## III. TERMS AND CONDITIONS

### I. GENERAL DESCRIPTIVE MATERIAL ONLY

This is a career opportunity site created to permit access to information regarding potential position vacancies within Huber. Nothing within the site is anything other than general descriptive material describing potential position vacancies. The site is not intended to and does not provide binding offers, terms or conditions of employment. Any employment offer that may result from the submission of information through this site, is in accordance with the specific written terms of that offer, which supersedes any and all contents of this site.

### II. GOVERNING LAW

This Career Site permits individuals to apply for specific jobs located in the U.S. for Huber's portfolio of businesses. Potential position vacancies described on this site are governed by the laws of the country where the potential position is located. By applying for a job through this site, you accept that (i) the laws of the country where the potential position vacancy is located will have exclusive jurisdiction over any disputes arising from your application; (ii) the laws of the country where the potential position vacancy is located shall apply to your application; and (iii) any Huber entity located in the country from which you submitted your application is not responsible or liable for the procedures or processes to which you apply outside of that country. For jobs located in the U.S., you agree that this particular position vacancy is located. This site is not intended for distribution to, or use by, any person or entity in any jurisdiction or country where such distribution or use would be contrary to local law or regulation.

Unless otherwise dictated by local laws outside of the United States, this Agreement shall be governed and construed in accordance with the laws of the State of New Jersey applicable to agreements made and to be performed in New Jersey. You agree that any legal action or proceeding between Huber and you for any purpose concerning this Agreement or the parties' obligations hereunder shall be brought exclusively in a federal or state court of competent jurisdiction sitting in New Jersey. Any cause of action or claim you may have with respect to the Site must be commenced within one (1) year after the claim or cause of action arises. Huber's failure to insist upon or enforce strict performance of any provision of this Agreement shall not be construed as a waiver of any provision or right. Neither the course of conduct between the parties nor trade practice shall act to modify any provision of this Agreement. Huber may assign its rights and duties under this Agreement to any party at any time without notice to you. Huber may terminate this Agreement at any time without notice for any reason.

### III. INAPPROPRIATE USE

It should be noted that is an offence, subject to criminal penalties to access or remain in a computer system for the purpose to hinder or distort the functioning of such system or to introduce data to or fraudulently modify the data contained in this site.

### IV. INTELLECTUAL PROPERTY

Huber owns or has title to the rights to all of the components of this site particularly the data, designs, graphics, photos and audio. Reproduction, distribution or retransmission of the contents of the site by any means whatsoever, whether in whole or in part, without the prior express written authorization of Huber is prohibited. Such action constitutes an infringement of rights for which damages and penalties are provided under applicable law.

### V. COOKIES

Users are informed that when visits are made to this site, a cookie may be installed automatically on the user of the site. Most web browsers allow you to change the cookie options. You acknowledge that the user have been informed of this practice and authorize Huber to install such cookies.

## IV. MISCELLANEOUS

This Agreement shall be governed and construed in accordance with the laws of the State of New Jersey applicable to agreements made and to be performed in New Jersey. You agree that any legal action or proceeding between Huber and you for any purpose concerning this Agreement or the parties' obligations hereunder shall be brought exclusively in a federal or state court of competent jurisdiction sitting in New Jersey. Any cause of action or claim you may have with respect to the Site must be commenced within one (1) year after the claim or cause of action arises or such claim or cause of action is barred. Huber's failure to insist upon or enforce strict performance of any provision of this Agreement.

Users are informed that when visits are made to this site, a cookie may be installed automatically and retained in the computer's memory or on its hard disk. Cookies record information about the user's use of the site. Most web browsers allow you to change the cookie options. You acknowledge that you have been informed of this practice and authorize Huber to install such cookies.

## IV. MISCELLANEOUS

This Agreement shall be governed and construed in accordance with the laws of the State of New Jersey applicable to agreements made and to be performed in New Jersey. You agree that any legal action or proceeding between Huber and you for any purpose concerning this Agreement or the parties' obligations hereunder shall be brought exclusively in a federal or state court of competent jurisdiction sitting in New Jersey. Any cause of action or claim you may have with respect to the Site must be commenced within one (1) year after the claim or cause of action arises or such claim or cause of action is barred. Huber's failure to insist upon or enforce strict performance of any provision of this Agreement.

Users are informed that when visits are made to this site, a cookie may be installed automatically and retained in the computer's memory or on its hard disk. Cookies record information about the user's use of the site. Most web browsers allow you to change the cookie options. You acknowledge that you have been informed of this practice and authorize Huber to install such cookies.

## IV. MISCELLANEOUS

This Agreement shall be governed and construed in accordance with the laws of the State of New Jersey applicable to agreements made and to be performed in New Jersey. You agree that any legal action or proceeding between Huber and you for any purpose concerning this Agreement or the parties' obligations hereunder shall be brought exclusively in a federal or state court of competent jurisdiction sitting in New Jersey. Any cause of action or claim you may have with respect to the Site must be commenced within one (1) year after the claim or cause of action arises or such claim or cause of action is barred. Huber's failure to insist upon or enforce strict performance of any provision of this Agreement.

EHAOCR Products
Other Products
Where to Buy
My Huber/Brand
Events
Contact Us
News
Careers
Privacy Policy
Terms and Conditions

Copyright © 2023 Huber Engineered Woods LLC.
All Rights Reserved.

# EXHIBITS G-J REDACTED IN THEIR ENTIRETY

# EXHIBIT K

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HUBER ENGINEERED WOODS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 19-342-VAC-SRF |
| v. | ) | |
| | ) | |
| LOUISIANA-PACIFIC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER**

Upon reviewing Defendant Louisiana-Pacific Corporation's ("LP") discovery dispute letter and Plaintiff Huber Engineered Woods LLC's ("HEW") response thereto, and the Court having considered all papers and arguments submitted by the parties in connection with this discovery dispute, and the Court having determined that there are good grounds for the requested relief; IT IS HEREBY ORDERED that:

1. No later than one week from the date of this Order, HEW shall serve a privilege log of all communications dating before February 18, 2019 and from November 2020-January 4, 2022 regarding prosecution of the '588 patent and applications to which the '588 patent claims priority, including related to the Certificates of Correction for the '588 patent and patents in the same family;

2. No later than one week from the date of this Order, HEW shall produce the documents identified on its privilege log as entry nos. 65, 67, 71-74, 110-112, 164-165, 182, 204-218, 221, 223-230, 235, 238, 241, 244, 249, 252, 255, 258, 272, 275-276, 277-280, 296-300, 316-319, 326-327, 338-341, 342, 345, 347-349, 353-356, 361, 363, 375, 377, 382-383, 385-387, 510, 516, 518-522, 537-538, 540-548, 550-

561, 563-589, 591-592, 597, 601, 603, 605, 607-613, 619, 626-629, 636-637, 643-644, 646-654, 657, 661-670,  672-678, 680-688, 691, 693-694, 695; and

3. No later than one week from the date of this Order, HEW must supplement its responses to Interrogatory Nos. 28, 29, and 32 to include the information sought, including information known to J.M. Huber Corporation as well as information within J. M. Huber Corporation's possession, custody, or control.


_____
UNITED STATES MAGISTRATE JUDGE