IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HUBER ENGINEERED WOODS LLC, | ) |
| | ) |
| Plaintiff and | ) |
| Counterclaim-Defendant, | ) |
| | ) |
| v. | ) C.A. No. 19-342 (GBW)(SRF) |
| | ) |
| LOUISIANA-PACIFIC CORPORATION, | ) |
| | ) |
| Defendant and | ) |
| Counterclaim-Plaintiff. | ) |

# **JOINT STATUS REPORT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiff*

October 12, 2022

RICHARDS, LAYTON & FINGER, P.A.
Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
metzler@rlf.com

*Attorneys for Defendant*

In accordance with the Court's Oral Order of October 5, 2022, Plaintiff HEW and Defendant LP (collectively, the "Parties") provide this joint status report.

## I. PENDING CASE MOTIONS

A chart listing all pending motions with corresponding docket numbers it at **Exhibit A**.

## II. SUPPLEMENTAL SUMMARY JUDGMENT/*DAUBERT* MOTIONS

Proposed Orders setting forth each party's proposed briefing schedule for dispositive/*Daubert* motions, inclusive of page limitations, are attached. HEW's proposed Order is **Exhibit B** and LP's Proposed Order is **Exhibit C**.

**HEW's Position Statement** – The original Scheduling Order in this case allowed each Party to file 50 pages of opening briefs on summary judgment/*Daubert* motions, 50 pages of answering briefs, and 25 pages of reply briefs. (D.I. 17 at 12.) The Parties filed this briefing from November 23, 2021 to December 20, 2021. (D.I. 247-254, 267-271, 274-277.) Shortly after summary judgment/*Daubert* briefing was complete, the Court granted HEW's motion to amend its Complaint to add a claim of infringement relating to a post-Certificate of Correction ("post-CoC") version of U.S. Patent No. 9,695,588 ("the '588 Patent"), which is the patent at issue. (D.I. 281.) The CoC addressed the priority claim in the '588 Patent; **it did not change the specification or claims of the patent**. After HEW amended its Complaint (D.I. 284), the Parties filed a Joint Status Report setting out an expedited schedule for supplemental discovery and stating that "the Parties shall have the right to file supplemental case dispositive and *Daubert* motions." (D.I. 285.) The Joint Status Report called for 30 pages of opening briefs on supplemental summary judgment/*Daubert* motions, 30 pages of answering briefs, and 15 pages of reply briefs. (*Id.*)

HEW submits that supplemental summary judgment/*Daubert* motions are necessary, but the page limitations for such motions can be reduced to **10 pages of opening supplemental briefs, 10 pages of answering briefs, and 5 pages of reply briefs**. Further, HEW submits that the scope

1

of the supplemental summary judgment/*Daubert* motions should be restricted to "new issues that arise from the Certificate of Correction" for the '588 Patent, which was the Court's guidance on the proper scope of supplemental discovery. (*See* D.I. 296.) Given that the CoC addresses the priority claim for the '588 Patent, **the specification and the claims of the '588 Patent have not changed since the original summary judgment/*Daubert* motions**. Thus, the Parties already had a full and fair opportunity to submit summary judgment/*Daubert* briefing on the infringement and validity issues common to both the pre-CoC and post-CoC '588 Patent.

With respect to scope, LP asserted a number of new invalidity and unenforceability defenses and counterclaims during supplemental discovery that LP maintains "arise from the Certificate of Correction." But some of LP's added defenses and counterclaims are not new, and they could have been raised during the original discovery period. Moreover, HEW did not agree that LP could raise new defenses and counterclaims during supplemental discovery that LP could have, but chose not to, raise during the original discovery period. Thus, HEW moved to dismiss or strike them in motions listed in Exhibit A. If the Court grants HEW's motions, there will be no need to address the newly-added defenses in supplemental summary judgment/*Daubert* motions. If the Court denies HEW's motions, LP's new defenses are ripe for summary judgment.

HEW objects to LP's proposal to completely throw out the original summary judgment/*Daubert* briefing and start the process over. LP's proposal would mean the Parties wasted tremendous resources on the original briefing, which was filed months after the CoC issued. Moreover, it makes no sense. Given that **the specification and claims of the '588 Patent were not changed by the CoC**, the original summary judgment/*Daubert* briefing on infringement and validity issues is applicable to both the pre-CoC and post-CoC '588 Patent. Indeed, LP's counsel previously argued to the Court that resolution of summary judgment motions relating to

the pre-CoC '588 Patent "may impact what moves forward in the corrected patent." (Hearing Tr., dated Dec. 28, 2021, at 12:1-16.) Tellingly, LP never suggested that the original motions should be thrown out when the Parties agreed to supplemental discovery in January 2022. (D.I. 285.) And LP provides no rationale or reason for its sudden change in position. But the real reason is obvious - LP does not like its previous summary judgment/*Daubert* motions, so now LP wants a do-over. That is improper. The original motions should be maintained, and the Parties would only add supplemental motions on new subject matter.

**LP's Position Statement** – Judge Stark recognized that when HEW obtained a Certificate of Correction ("CofC") for the '588 patent on July 17, 2021, there became two separate and distinct '588 patents – the uncorrected '588 patent that ceased to exist on July 17, 2021 and the corrected '588 patent, which existed as of that date.  D.I. 215.  HEW sued LP for infringement of the uncorrected '588 patent, and fact discovery on that patent closed on May 3, 2021, before the corrected '588 patent existed.  After the CofC issued, Judge Stark denied HEW's Motion to Supplement its complaint, which would have had the procedural effect of limiting LP's ability to defend against the newly-issued corrected '588 patent.  The parties filed summary judgment and Daubert motions directed only to the uncorrected '588 patent on November 23, 2021.  HEW then moved to amend its complaint to add the corrected '588 patent.  Judge Stark held a hearing at the end of December 2021 and gave HEW the option of asserting infringement of the corrected '588 patent either in an altogether new case or by adding additional counts for its infringement in an amended complaint.  Dec. 28, 2021 Hr'g Tr. 5:16-6:1, 15:23-16:9.  In so doing, Judge Stark provided clear instructions to HEW that proceeding with an amended complaint (which HEW chose to do) would not be an end run around his prior denial of HEW's Motion to Supplement: "the defendant in my view has a right to a full and fair opportunity to take necessary discovery,

3

assert defenses, perhaps counterclaim" and "that is a right given to them as triggered by the filing of the amended complaint and also fully warranted under the circumstances here." *Id*. at 16:21-17:1. Judge Stark also acknowledged that there would be "additional motions . . . coming in as a result of [his] permitting the amended complaint and the additional discovery" and that he was inclined to take up all the then-pending summary judgment and Daubert motions together at that later time. *Id*. at 17:12-24. Pursuant to Judge Stark's Order (D.I. 281), the parties submitted, and the Court approved, a full case schedule directed to the corrected '588 patent, which provided for infringement and invalidity contentions, fact and expert discovery, and a second round of dispositive and Daubert motions addressing the corrected '588 patent. D.I. 285, 296. The parties and the Court agreed that costly duplicative *fact discovery* would be avoided in the amended case, but no limitations were placed on what *defenses and counterclaims* LP may choose to assert against the corrected '588 patent. D.I. 296; Dec. 28, 2021 Hr'g Tr. 16:21-17:1. Now that the parties have undertaken fact discovery as to both patents, LP believes that the dispositive and *Daubert* motions can be streamlined significantly. Rather than maintaining the first round of motions directed only to the uncorrected '588 patent and having a second round of motions directed only to the corrected '588 patent, LP proposes a single round of motions that addresses both patents simultaneously and without adding any of the additional pages currently allotted for the separate briefing. Each party would choose and proceed with its best arguments under a limited briefing format of a total of only 50 pages for opening, 50 pages in response, and 25 pages in reply. In addition to the judicial economy and simplicity, justice and fairness support this approach because the first round of briefing was limited to the uncorrected '588 patent, the only patent then in the case, and would presumably have no effect on the distinctly separate corrected '588 patent now in the amended case. Because there would not be sufficient pages allotted to address the new patent under HEW's

4

proposal, any dispositive/*Daubert* motions on the corrected '588 patent would be effectively foreclosed and HEW would be essentially guaranteed a jury trial and uncontestable expert proof on the corrected '588 patent. HEW's proposal is yet another attempt (in a long line of attempts) at an end run around Judge Stark's admonishment that LP's defenses and counterclaims would not be limited in the amended case against the corrected '588 patent. Contrary to HEW's assertion, changes to the priority date result in both new and overlapping invalidity issues, *regardless* of whether the claims or specification were addressed in the CofC. Fairness supports that both parties be given the option of retracting their first round of dispositive and Daubert motions and afforded the opportunity to decide how best to allocate the total number of pages between both patents. LP's approach will allow the parties to combine overlapping issues applicable to both patents and present a single round of motions addressing the most critical issues to the Court.

### III.   PROPOSED TRIAL LENGTH AND DATE RANGE

The Parties jointly request **5-7 trial days** for the jury trial in this matter, with inequitable conduct to be decided by the Court in a bench trial.

**HEW's Position Statement** – HEW proposes that trial in the case take place during the second half of May 2023 or the first half of June 2023. HEW's proposed trial date would have trial take place just over four years after the case began and nineteen months after trial was originally scheduled to begin on September 13, 2021. (D.I. 1; D.I. 17 at 5.) The Parties engaged in over 29 months of fact discovery (October 2019-May 2021 for original fact discovery and January 2022-October 2022 for supplemental discovery), and they will have completed two rounds of expert discovery by January 20, 2023. (D.I. 486.) The issues are thus well-known to the Parties, and HEW submits that it is time for this case to proceed promptly to trial. The supplemental summary judgment/*Daubert* briefing schedule agreed to by the Parties calls for supplemental motion briefing to be completed by March 3, 2023. This would allow the Court over two months to hold

5

any oral argument and rule on summary judgment/*Daubert* motions before trial begins. If the Court desires more time to rule, HEW will agree, but HEW would like to move promptly to trial.

With respect to LP's proposal of an August-September 2023 trial date, such a delayed trial date is prejudicial to HEW. The '588 Patent-in-Suit expires on January 4, 2025; thus, LP has every incentive to delay trial in order to lessen the effect of a permanent injunction upon a finding of infringement. LP's proposed trial date is nominally premised on the need to provide extra time to decide summary judgment/*Daubert* motions before trial so as to narrow the issues, but it is, in fact, a justification for delay. Given that the Court may not find summary judgment (or may convert the motions to motions for judgment as a matter of law to be ruled upon after trial) and may deny the *Daubert* motions, there is no reason to delay preparation for a trial in May or June 2023.

**LP's Position Statement** – LP proposes that trial be set for August or September 2023, which is only 19-20 months after HEW filed its amended complaint to add entirely new causes of action for infringement based on the new corrected '588 patent. LP's proposal is in line with Judge Stark's original scheduling order, which set a hearing on dispositive/*Daubert* motions 3.5 months after the deadline for opening briefs, a pretrial conference 2 months after the hearing date, and a trial date 17 days later. D.I. 17. Under a similar timeline here, a hearing might be set for late May 2023 and a pretrial conference for late July or early August 2023, in which case the trial should be set for late August or early September. LP's suggested trial date accounts for the Court's significant patent caseload and allows the issue of the priority dates for the patents, which is a question of law, to be decided sufficiently in advance of trial to allow for the streamlining of proof and invalidity issues for the jury. The much-earlier trial date proposed by HEW is not consistent with Judge Stark's original schedule (as negotiated and proposed by the parties) and would require the parties to undertake significant trial preparation without the benefit of the Court's ruling.

6

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | RICHARDS, LAYTON & FINGER, P.A. |
| */s/ Travis J. Murray* | */s/ Sara M. Metzler* |
| Jack B. Blumenfeld (#1014)<br>Brian P. Egan (#6227)<br>Travis J. Murray (#6882)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>began@morrisnichols.com<br>tmurray@morrisnichols.com<br><br>*Attorneys for Plaintiff*<br><br>October 12, 2022 | Kelly E. Farnan (#4395)<br>Sara M. Metzler (#6509)<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801<br>(302) 651-7700<br>farnan@rlf.com<br>metzler@rlf.com<br><br>*Attorneys for Defendant* |