IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HUBER ENGINEERED WOODS LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOUISIANA-PACIFIC CORPORATION, ) <br> ) <br> Defendant. ) | Civil Action No. 19-342-GBW-SRF |

**MEMORANDUM ORDER**

At Wilmington this **23rd** day of **January, 2023**, the court having considered the parties' letter briefing on plaintiff Huber Engineered Woods LLC's ("HEW") motion to compel defendant Louisiana-Pacific Corporation's ("LP") to produce additional panel and testing information (D.I. 516; D.I. 517), IT IS HEREBY ORDERED that HEW's motion to compel is DENIED without prejudice for the reasons set forth below.

1. **Legal standard.** The work product doctrine permits a party to withhold documents prepared in anticipation of litigation when the party can prove the relevant material: (1) was prepared by the party or its attorney, (2) in anticipation of litigation or for trial. *Novartis Pharma. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 163 (D. Del. 2001); *see* Fed. R. Civ. P. 26(b)(3)(A). The party asserting the work product protection bears the burden to show that the doctrine applies. *See Elm 3DS Innovations, LLC v. Samsung Elecs. Co., Ltd.*, C.A. No. 14-1430-LPS-JLH, 2021 WL 4819904, at *2 (D. Del. Oct. 15, 2021) (citing *Magnetar Techs. Corp. v. Six Flags Theme Park Inc.*, 886 F. Supp. 2d 466, 477-78 (D. Del. 2012)).

2. **Analysis.** HEW moves to compel LP to produce "all facts and data considered by Dr. Tonyan or MTU, including communications between Dr. Tonyan and MTU," as well as

"documents relating to recreated panels or testing performed by MTU on behalf of or at the request of [LP] or its counsel relating to the Ou Patent." (D.I. 516, Proposed Order) Having reviewed the record, the court divides these requests into three categories of information and addresses each in turn: (1) information provided to Dr. Tonyan that was produced by LP; (2) information provided to Dr. Tonyan that was produced in response to HEW's subpoena of Michigan Technological University ("MTU"); and (3) information and testing by MTU that was not provided to Dr. Tonyan.

3. ***Information provided to Dr. Tonyan and produced by LP.*** LP represents that it produced all information provided to Dr. Tonyan, including all test results and data underlying an MTU test report, information on materials used by MTU, and samples of the panels created and tested by MTU. (D.I. 517 at 1, 4) To the extent HEW's motion seeks to compel LP to produce information provided to Dr. Tonyan, the motion is denied based on LP's representation on the record that the production was made. (D.I. 517 at 1)

4. ***Information provided to Dr. Tonyan and produced by MTU.*** LP confirms that, in response to a subpoena issued by HEW, MTU produced all communications between MTU and Dr. Tonyan, internal MTU communications, and other MTU materials relating to the test report. (D.I. 517 at 1; D.I. 516, Ex. D) Because all of the requested materials that were provided to Dr. Tonyan have been produced, HEW's motion to compel is denied.

5. HEW identifies a lingering dispute with respect to an email sent by Dr. Tonyan to MTU which attached a copy of the Ou Patent with annotations by Dr. Tonyan. (D.I. 516 at 2) The parties agree that the email itself was produced, but the attached annotated Ou Patent is not accessible by either HEW or LP. (*Id.*; D.I. 517 at 1) Because LP is not able to access the attachment, and because the email itself was produced by MTU in response to the subpoena, the

2

appropriate course of action is for HEW to pursue this matter with MTU. LP has now stated on the record that it has no objection to the production of the attachment: "LP is not withholding that email attachment, nor does LP have any objection to it being produced by MTU." (D.I. 517 at 1) LP shall promptly communicate its position to MTU. The parties may provide a copy of this Memorandum Order to MTU after the expiration of the period for redactions, if any.

6. ***Information from MTU that was not provided to Dr. Tonyan.*** Finally, HEW moves to compel the production of panels recreated by MTU and testing performed by MTU that were not provided to or considered by Dr. Tonyan. HEW argues that these materials should be produced because MTU is now a testifying expert. (D.I. 516 at 4) LP denies this assertion and maintains that it has not designated MTU as a testifying expert. (D.I. 517 at 3) There is no evidence on this record to confirm that MTU has been designated as a testifying expert. HEW's reliance on *INVISTA N. Am. S.a.r.l. v. M&G USA Corp.* is not persuasive because in that case, the defendant was required to produce only data on which the testifying expert relied. C.A. No. 11-1007-SLR-CJB, 2013 WL 3216109, at *3 (D. Del. June 25, 2013).

7. HEW's motion to compel the production of materials that were not provided to Dr. Tonyan should be denied in accordance with the terms of the parties' protective order. (D.I. 19) Paragraph 25 of the protective order covers "[c]ommunications between an independent expert witness or consultant and a party's attorneys" unless the facts and data therein are reviewed by or relied upon a testifying expert witness. (*Id.* at ¶ 25) And paragraph 27 provides that "[n]o discovery can be taken from any consulting expert except to the extent that the consulting expert has provided information, opinions, or other materials to a testifying expert[.]" (*Id.* at ¶ 27) As previously stated, LP confirms that all information provided to Dr. Tonyan has been produced, and information solely in the possession of MTU and/or counsel is not required

3

to be produced under these paragraphs of the protective order in the absence of designation of MTU as a testifying expert. This Memorandum Order is not intended to preclude any future motions HEW deems appropriate if MTU is designated as a testifying expert at a later date.

8. These materials are also protected by the work product privilege in accordance with Rule 26(b)(3)(A), which provides that a party may not discover documents that are prepared for trial "by or for another party or its representative (including the other party's . . . consultant)." As a non-testifying expert, MTU's materials fall within the scope of this provision. *See Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*, 2010 WL 4537002, at *2 (M.D. Pa. Nov. 3, 2010) (finding that testing data would be protected by the work product privilege unless and until the plaintiff relies on the testing data to support its claims).

9. Without citing any applicable case authorities, HEW argues that the materials should be produced under the "substantial need" exception to Rule 26(b)(3)(A). (D.I. 516 at 4); Fed. R. Civ. P. 26(b)(3)(A)(ii). First, HEW argues that there is not enough time remaining in the case schedule to pursue its own testing. (D.I. 516 at 4) Similar arguments have been considered and rejected by other courts. In *JDS Therapeutics, LLC v. CVS Pharm., Inc.*, for instance, the court explained that a party should seek adjustment of the discovery deadlines rather than requesting "the evisceration of [the non-movant's] work-product privilege." 2015 WL 6459092, at *1 (S.D.N.Y. Oct. 22, 2015). Therefore, the limited amount of time remaining in the scheduling order does not provide a basis to apply the "substantial need" exception in this case.

10. Next, HEW contends that there are too many possible iterations of tests to run based on the Ou Patent. (D.I. 516 at 4) This position is also not compelling. The record confirms that HEW owns the Ou Patent, (*see* U.S. Patent No. 6,737,155, listing HEW as current assignee), and LP disclosed the Ou Patent at least as of the date it served its supplemental final

4

invalidity contentions on March 8, 2021, (D.I. 153, Ex. L at 8). On this record, HEW has not established that the "substantial need" exception to the work product protection should apply.

11. Having determined that the requested materials were already produced or are subject to the terms of the protective order and the work product privilege, or that they are in the sole possession of MTU, the court need not reach LP's arguments regarding the applicability of judicial estoppel or the law of the case. (D.I. 517 at 1-3)

12. Finally, HEW presents an argument in a footnote about potential objections during the anticipated depositions of Dr. Tonyan and MTU. (D.I. 516 at 3 n.3) "Courts traditionally do not consider arguments presented entirely in footnotes." *Lord Abbett Affiliated Fund, Inc. v. Navient Corp.*, 363 F. Supp. 3d 476, 497 (D. Del. 2019) (citing cases). Furthermore, HEW's position invites an advisory opinion based on a hypothetical set of facts. *See In re Lazy Days' RV Center Inc.*, 724 F.3d 418, 421 (3d Cir. 2013).

13. **Conclusion.** For the foregoing reasons, HEW's motion to compel the production of additional panel and testing information is DENIED without prejudice. (D.I. 516) IT IS FURTHER ORDERED that the discovery dispute teleconference set in this matter for January 23, 2023 at 2:00 p.m. is CANCELLED.

14. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **January 25, 2023**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re*

*Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within seven (7) days of the date the Memorandum Order issued.

15. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

16. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
United States Magistrate Judge